**H. Ford McCLESKEY, Appellant,**

v.

**Ernest W. BARRETT et al., Appellees.**

**No. 23759.**

United States Court of Appeals
Fifth Circuit.

July 17, 1967.

Lawrence B. Custer, Marietta, Ga., for appellant.

William G. Grant, Atlanta, Ga., for appellees.

Before TUTTLE and AINSWORTH, Circuit Judges, and FULTON, District Judge.

PER CURIAM:

In 1964 the then sole Commissioner of Roads and Revenues of Cobb County granted appellant a change in the zoning status of his property from residential to commercial. These actions were taken pursuant to authority granted the Commissioner in an Act by the Georgia General Assembly.

In 1965 the form of the Cobb County government was changed to a Board of Commissioners of Roads and Revenues. Pursuant to the same statutory authority under which the Commissioner had previ-

ously acted, the Board began proceedings to rezone appellant's property back to its original residential status.

Appellant's attack, in this appeal from an order of the trial court denying an injunction against the rezoning of his property, seeks to have this court apply the principles announced in Hornsby v. Allen, Mayor of the City of Atlanta, 5 Cir., 326 F.2d 605, to the zoning activities of the Board of Commissioners. Stated briefly, it charges that the Georgia statute giving the county commissioners the power to exercise zoning powers fails to set up standards under which these powers may be carried into effect, and, thus, permits the exercise of uncurbed discretion by the county commissioners in the exercise of their zoning authority.

We consider first the equitable nature of this case. In his attempt to avoid the exercise of delegated authority by the Board of Commissioners, appellant seeks to stand on the benefits he obtained by the prior exercise of the same authority by the former single commissioner. Were we to hold that the present exercise of authority by the Board of Commissioners violates substantive due process, we could not, at the same time, hold that the Board is bound by the exercise of the same authority by its predecessor. The exercises of power by the Board and by its predecessor must stand or fall together. In either case appellant's property will be zoned residential.

We, therefore, do not reach the question whether the actions of the Board of Commissioners violate due process. All parties recognize that zoning laws and ordinances restrict, to some extent, the use to which an individual may put his real property. To this extent, it may be said to be a deprivation of part of the value of property of the individual. This limited deprivation has been permitted under the United States Constitution only to the extent that zoning is done as an exercise of the "police" power of the states. "The ordinance now under review, and all similar laws and regulations must find their justification in some aspect of the police power, asserted for the public welfare." Euclid, Ohio v. Ambler Realty Company, 272 U.S. 365, 387, 47 S.Ct. 114, 118, 71 L.Ed. 303.

Here we do not reach the question whether the Georgia statute contained adequate standards to enable the public authority to exercise its discretion, because whatever the present Board seeks to take away from McCleskey he obtained by application of the same statutory provisions.

The judgment is affirmed.