**ROCKBRIDGE ASSOCIATES, LTD., a Georgia Limited Partnership,**

v.

**W. R. (Dudge) PRUITT et al.**

**Civ. A. No. 14483.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 30, 1971.

Troutman, Sams, Schroder & Lockerman, Atlanta, Ga., for plaintiff.

Stark & Stark, Lawrenceville, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

Plaintiff, a Georgia limited partnership, is the owner of a parcel of land in Gwinnett County, Georgia. A portion of plaintiff's property is presently zoned R–85 (residential); another portion is zoned C–2 (commercial). In June, 1970, plaintiff applied to the Gwinnett County Planning Commission to have the property rezoned to an RM (apartment) classification. Though the Planning Commission recommended approval of the rezoning request, the Gwinnett County Commissioners refused to follow this recommendation and the application for rezoning was denied. The complaint alleges that the decision of the county commissioners violates plaintiff's equal protection and due process rights under the Fourteenth Amendment.[1] Specifically, it is alleged that (1) the decision of the County Commissioners was arbitrary, capricious, and amounted to a taking of property without due process in that it arbitrarily interfered with plaintiff's rights in and use of its property and deprived plaintiff of a major portion of the value of its property; (2) the decision of the County Commissioners was not based upon competent evidence establishing that the proposed rezoning was inconsistent with the objectives of the county's zoning resolution;

1. Plaintiff's complaint couches its attack as an attack on portions of the zoning ordinance and zoning map of Gwinnett County. At the hearing in this case it clearly appeared that what plaintiff attacks is the decision of the County Commissioners which denied plaintiff's rezoning application. The attack may be viewed as directed toward the zoning ordinance and maps only insofar as they reflect the decision of the Commissioners.

(3) the decision of the Commissioners discriminated arbitrarily between plaintiff's property and property similarly situated; (4) plaintiff was denied certain procedural safeguards; and (5) the delegation of zoning authority by the State to local governing bodies denies citizens, who do not live within the County, the right to participate effectively in zoning matters, since they cannot vote for the County Commissioners.

Defendants have moved to dismiss the complaint for lack of jurisdiction and for failure to state a claim upon which relief may be granted. At plaintiff's request a hearing was held at which plaintiff candidly clarified its contentions and the facts in this case. Upon considering the allegations of the complaint in light of the facts and contentions presented at the hearing, the court concludes that no substantial federal question is presented and the complaint must therefore be dismissed.

 At the outset it should be noted that the federal district courts are courts of limited jurisdiction. It is not their function to serve merely as a zoning appeal board. The individual merits of local zoning matters are appropriately left to the sound discretion of local zoning authorities. This court is charged only with the responsibility of insuring that zoning decisions are not made in a manner which contravenes the mandates of the United States Constitution. Since the decision of local zoning authorities is an exercise of judgment legislative in character, these decisions are subject to judicial control only if arbitrary or if interested parties have been denied procedural due process. Diedrich v. Zoning Commission of the District of Columbia, 129 U.S.App.D.C. 265, 393 F.2d 666 (1968); Hot Shoppes, Inc. v. Clouser, 231 F.Supp. 825 (D.D.C.1964).

 While it is true that the decision of local zoning authorities restricts the uses of certain property and in some instances may cause the property to be used for other than its most profitable use, these factors do not cause the decision to be unconstitutional, unless the decision is arbitrary. Goldblatt v. Hempstead, 369 U.S. 590, 82 S.Ct. 987, 8 L.Ed. 130 (1962); City of St. Paul v. Chicago, St. Paul, M. & O. Ry., 413 F.2d 762 (8th Cir. 1969); McCleskey v. Barrett, 386 F.2d 159 (5th Cir. 1967). In denying plaintiff's rezoning request the County Commissioners assigned reasons[2] for their action which are consistent with the objectives of the zoning resolution.[3] Therefore, in the absence

---

2. The minutes of the County Commissioners' meeting of September 9, 1970, indicate that the rezoning application was denied for the following reasons: "1. Insufficient Water [sic] and inadequate sewage facilities in the area; 2. Inadequate roads—road arteries are already congested; 3. Inadequate schools—already overcrowded; 4. Located between two prime residential areas and would seriously affect them; 5. Large amount of RM zoned land is undevloped [sic] in the immediate area. Mr. Gunnin stated that he saw no need for additional RM zoned property. Carvis Williams seconded the motion and same was unanimously adopted."

3. Article I of the Zoning Resolution of Gwinnett County, Georgia, states the purpose of the resolution as follows:
 ". . . [F]or the purposes of promoting the health, safety, morals, convenience, order, prosperity or the general welfare of the present and future inhabitants of Gwinnett County; of lessening congestion in the streets; securing safety from fire, panic and other dangers; providing adequate light and air; preventing the overcrowding of land, avoiding both undue concentration of population and urban sprawl; facilitating the adequate provision of transportation, water, sewerage, schools, parks and other public requirements; protecting property against blight and depreciation; encouraging the most appropriate use of land, buildings and other structures throughout the County; securing economy in government expenditures; and for other purposes, all in accordance with a comprehensive plan for the development of Gwinnett County, the County Commissioners of Gwinnett County do hereby ordain and enact into law the following Articles and Sections of the Zoning Resolution of Gwinnett County, Georgia."

of a showing that there was no evidence to support the decision, the action taken by the County Commissioners cannot be found to be arbitrary.

Not only does the record indicate that evidence was presented at an August 25, 1970 hearing before the Commissioners but plaintiff does not assert that there was no evidence to support the decision. What plaintiff specifically complained of at the hearing is that the evidence considered by the Commissioners was "secret evidence", not competent to support the decision. The charge that "secret evidence" was considered stems from the allegation that certain evidence was considered which was not presented at the hearing before the Commissioners. The record clearly indicates that a hearing was held before the Commissioners on August 25, 1970, at which the rezoning application was discussed and evidence received both supporting and opposing the rezoning. The record further shows that one of the Commissioners requested a continuance in order that he might obtain additional studies and consult with the Gwinnett County Engineering Department. On September 9, 1970, the Commissioners again considered plaintiff's rezoning application and denied it. While some of the reasons for denying the requests were apparently the result of independent investigation by the Commissioners, this does not mean the decision is based on incompetent evidence or that plaintiff has been denied procedural due process.[4] Since the Commissioners were engaged in an exercise of legislative authority, it is not inconsistent with due process requirements for the Commissioners to make reference to reports of various county agencies.

■ At the hearing held in this case, plaintiff further asserted that it did not know in advance what factors the Commissioners would consider in making their determination and were, therefore, vulnerable to "secret evidence." As a matter of law, this contention is without merit. The Gwinnett County zoning resolution sufficiently sets forth the objectives to be achieved by zoning and the standards which shall govern the decisions of the local zoning authority. As a rezoning applicant plaintiff had the burden of demonstrating that its plan was consistent with those objectives and standards.

Therefore, as to plaintiff's due process contentions it not only clearly appears that plaintiff was afforded procedural due process in connection with the various hearings before local zoning authorities, but there is nothing to indicate that the decision of the Commissioners could be found to be arbitrary.

■■ Plaintiff's equal protection allegations are equally without merit. Since the Commissioners' decision was not arbitrary, the fact that plaintiff's property is not accorded the same zoning status as another parcel of land does not mean that equal protection has been denied. Under any zoning scheme various parcels of property are permitted certain limited uses. Only if the zoning decision arbitrarily draws the line between various uses does the zoning violate equal protection. As to plaintiff's final equal protection argument regarding the right to vote for local zoning officials it is questionable whether a limited partnership has standing to raise the question since it cannot vote. However, even if standing is present, the argument is without merit.

For the foregoing reasons, the complaint is hereby dismissed.

4. In essence plaintiff claims denial of procedural due process in that it was not afforded the right of confrontation with respect to sources of the alleged "secret evidence."