R. J. HIGGINBOTHAM and Mrs. Mary S. Dennis, Plaintiffs-Appellants,

v.

E. W. BARRETT and E. P. Ellison et al., Defendants-Appellees.

No. 72–1526.

United States Court of Appeals, Fifth Circuit.

Feb. 14, 1973.

Moreton Rolleston, Jr., Atlanta, Ga., for plaintiffs-appellants.

A. Sidney Parker, Marietta, Ga., John W. Stokes, Jr., U. S. Atty., Eugene A. Medori, Jr., Asst. U. S. Atty., Atlanta, Ga., Glen R. Goodsell, Jacques B. Gelin, Attys., Kent Frizzell, Asst. Atty. Gen., Land & Natural Resources Div., Dept. of Justice, Washington, D. C., for defendants-appellees.

Before GEWIN, BELL and GODBOLD, Circuit Judges.

BELL, Circuit Judge:

This appeal is from the dismissal of a suit seeking injunctive and declaratory relief against the Commissioners of Cobb County, Georgia, the County Engineer, and the Regional Administrator of the Environmental Protection Agency (EPA).

Plaintiffs reside on property adjacent to property as to which an application was pending to rezone it from residential to apartment use. They contended that no public sewerage facilities were available for the proposed apartments and that apartment use would pollute the Chattahoochee River and other streams of Cobb County. Plaintiffs reside near the river. They also alleged that there was no comprehensive zoning plan in Cobb County and that this resulted in their having to engage in multiplicious administrative proceedings before the zoning officials in order to protect their residential property.

The County Commissioners of Cobb County are empowered to rezone property, and the County Engineer is in

charge of issuing building permits. The Regional Administrator of the EPA was named as a defendant on the basis of his duties in administering the Federal Water Pollution Control Act (33 U.S.C.A. § 1151 et seq.).

Plaintiffs sought injunctive relief as follows: (1) to enjoin the defendant county commissioners from approving the rezoning application; (2) to enjoin the county engineer from issuing a building permit for use on the property in question; (3) and to enjoin the Regional Administrator of the EPA from making grants to Cobb County for sewage treatment purposes. They also sought a declaratory judgment that the alleged present pollution of streams, including the Chattahoochee River, by sewage from Cobb County was in violation of the Water Pollution Control Act, supra.

It appeared without dispute that the property had not been rezoned. The district court concluded that relief against the county officials was premature, absent the grant of the application to rezone. The county officials were for that reason dismissed. The EPA Regional Administrator was dismissed on the ground that plaintiffs had no standing under the Federal Water Pollution Control Act, 33 U.S.C.A. § 1151, et seq., to compel any action on his part. The claim for declaratory judgment that the present pollution of the Chattahoochee by sewage in Cobb County was in violation of the Federal Water Pollution Control Act was dismissed on the ground that the Act does not create a private cause of action. This appeal followed.

Here plaintiffs narrow their argument to two questions. First, they assert a lack of due process and equal protection theory for the suit against the county officials. This theory is based on the alleged lack of a comprehensive county land use plan whereunder they might protect their residences from encroachment and the streams from pollution without the necessity of attending monthly hearings where applications to rezone were being considered. Second, they urge that they have standing to sue under the Water Pollution Control Act. They urge that a finding of standing would perforce require further proceedings in the district court on the issues related to the Act. The thrust of the claim under the Water Pollution Control Act, as we understand it, is that the Regional Administrator was obligated, before making grants, to require that the county adopt a comprehensive land use plan to avoid water pollution. The further thrust of the claim is that a cause of action would lie under the Act against the county officials to abate the alleged pollution. They seek injunctive relief against the proposed rezoning as a part of the remedy under this claim.

I.

We first discuss the claim against the county officials in the context of plaintiffs' claim for relief based on an equal protection and due process basis. This is aside from the claim under the Water Pollution Control Act. First, it would appear that the claim sounds more nearly in terms of due process than equal protection. That, however, is of little moment in the case because we conclude that no substantial federal constitutional question was presented in any event on this particular theory.

The law is settled that the zoning of property, including the preparation of comprehensive land use plans, involves the exercise of judgment which is legislative in character and is subject to judicial control only if arbitrary and without rational basis. Shenk v. Zoning Commission of the District of Columbia, 1971, 142 U.S.App.D.C. 267, 440 F.2d 295, 297; Diedrich v. Zoning Commission of the District of Columbia, 1967, 129 U.S.App.D.C. 265, 393 F.2d 666; City of St. Paul v. Chicago, St. Paul, Minneapolis and Omaha Railway Company, 8 Cir., 1969, 413 F.2d 762, 766–767. Cf. Goldblatt v. Town of Hempstead, 1962, 369 U.S. 590, 594–595, 82 S.Ct. 987, 8 L.Ed.2d 130.

■ There is no claim or showing of arbitrariness nor any assertion of a lack of rational basis in the proposed zoning. What is proposed is no more than the usual exercise of the police power of the county to the end of regulating land use. There was no showing that the apartments will be allowed to operate without sewage disposal in some form. Indeed, it appears that a water pollution control program is well under way in the county. The purpose of making the EPA Regional Administrator a party was to stop the program until a comprehensive land use program was adopted as a part of controlling water pollution.

Nor is there a showing of arbitrariness in the procedure used in hearing applications to rezone property. Plaintiffs do not claim lack of notice or that the hearing procedures are inadequate. Rather they complain of the frequency of the hearings. Frequency, as the claim goes, means attending monthly hearings. This type of procedure does not rise to the level of being arbitrary or a denial of due process.

## II.

■ We come then to the question of the standing of plaintiffs to sue the county officials or the Regional Administrator, or both, under the Water Pollution Control Act. The answer to this question depends on an interpretation of the Act in light of the law of standing. In Johnson v. Morton, 5 Cir., 1972, 456 F.2d 68, 70–71, we said:

"...  the Supreme Court, in Association of Data Processing Service Organizations v. Camp, 1970, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184, formulated a dual test for standing. The first question to be determined is whether the plaintiffs allege '. . . that the challenged action has caused [them] injury in fact, economic or otherwise.' 397 U.S. at 152, 90 S.Ct. at 829. The second inquiry is whether the interest sought to be protected is '. . . arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question.' 397 U.S. at 153, 90 S.Ct. at 830. See also Barlow v. Collins, 1970, 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192." 456 F.2d at 70–71.

The allegations of plaintiffs with respect to injury in fact from water pollution are sufficient under notice pleading concepts. They thus meet the first prong of the test. Their problem, however, is to be found in the second prong of the test under Data Processing Service and Johnson v. Morton. Is the interest they seek to protect, elimination of water pollution near their residences, arguably within the zone of interests to be protected by the Water Pollution Control Act?

■ The answer is no. There is nothing in the Act which creates a right of action in private parties such as plaintiffs to seek abatement of water pollution or to require any other act at their behest on the part of the Administrator or any state or local official. The Act is designed to eliminate water pollution through research, planning, and other endeavors, joint and several, as amongst federal, state and local governments. Funds are provided for various of the activities contemplated by the Act. The right to sue is vested exclusively in the Administrator of the Environmental Protection Agency (formerly in the Secretary of the Interior), who must request the Attorney General of the United States to bring suit, except where intrastate pollution is involved, and in those instances the Administrator must obtain the consent of the Governor of the State before requesting the Attorney General to bring suit.[1] There is no suggestion whatever in the Act that it inures to the benefit of persons such as plaintiffs to the extent of providing a basis for suit against federal, state or local officials. The import of the Act is to the contrary; it contemplates action on the part of government and some-

1.  33 USCA, § 1160(g).

times private industry to control and eliminate pollution. It does not suggest a private Attorney General approach through private suits.

Even a less restrictive approach avails plaintiffs nothing. Assuming arguendo that they are arguably within the zone of interests to be protected by the Water Pollution Control Act and therefore have standing, we would proceed to determine whether their complaint states a claim upon which relief can be granted. The result at this point would be the same. The Act accords them no right to compel action on the part of the Administrator or the county officials.

■ We perceive that plaintiffs may also be claiming a substantive right against the Administrator on the basis of § 10(a) of the Administrative Procedure Act. 5 USCA, § 702.[2] The language of that section, "within the meaning of a relevant statute," ties directly to the "zone of interests" test of *Data Processing*. Moreover, the APA provides a remedy for a right which springs from another source, here allegedly the Water Pollution Control Act. The APA is not the source of the substantive right.

Plaintiffs rely on Sierra Club v. Morton, 1972, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636. That case was decided on whether there was an injury in fact. None was found. The second prong of the *Data Processing* test was expressly pretermitted. See Fn. 5 of the opinion, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d at 642.

There is another group of cases exemplified by *Data Processing*, 397 U.S. at 155–156, 90 S.Ct. 827, and by Environmental Defense Fund, Inc. v. Hardin, 1970, 138 U.S.App.D.C. 391, 428 F.2d 1093, 1096, where plaintiffs were arguably within the zone of interests sought to be protected by the statutes there in question. This was established by language found in the statute or in the legislative history of the particular statute. See cases cited in Johnson v. Morton, 456 F.2d at 73.

We have found only one reported decision on the scope of the Federal Water Pollution Control Act from the zone of interests standpoint. Shaw-Henderson, Inc. v. Schneider, 335 F.Supp. 1203, aff'd per curiam, 453 F.2d 748 (6 Cir., 1972). The standing issue involved the right of a contractor to sue for funds granted under the Act. The court found a lack of standing based on a reading of the Act. 335 F.Supp. at 1212–1213 and Fn. 1.

The judgment is affirmed.

---

2. 5 USCA § 702:

"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."