**SOUTH GWINNETT VENTURE, a Partnership composed of South Gwinnett Apartments, Inc., et al., Plaintiffs-Appellants,**

v.

**W. R. (Dudge) PRUITT et al., Defendants-Appellees.**

**ROCKBRIDGE ASSOCIATES, LTD., a Georgia Limited Partnership, Plaintiff-Appellant,**

v.

**W. R. (Dudge) PRUITT et al., Defendants-Appellees.**

Nos. 71–3420, 71–3421.

United States Court of Appeals, Fifth Circuit.

March 14, 1974.

Certiorari Denied April 1, 1974.
See 94 S.Ct. 1625.

**6**

Robert F. Cook, Dean Booth, Atlanta, Ga., for plaintiffs-appellants.

Homer M. Stark, Lawrenceville, Ga., for defendants-appellees.

Before BROWN, Chief Judge, and WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, INGRAHAM,* RONEY and GEE, Circuit Judges.

COLEMAN, Circuit Judge:

In 1970, plaintiffs-appellants were the owners of land in Gwinnett County, Georgia, zoned partly residential and partly commercial. They applied to the Gwinnett County Planning Commission to have the property rezoned to an apartment classification. The Planning Commission recommended the change, but the Gwinnett County Commissioners denied it. Suit was brought, alleging that the action of the County Commissioners violated equal protection and due process rights guaranteed the plaintiffs by the Fourteenth Amendment; that is, the decision was arbitrary, capricious, and without due process.

After a hearing, the District Court dismissed the complaint on the ground that it presented no substantial federal question, Rockbridge Associates, Ltd. v. Pruitt (N.D.Ga., 1971), 341 F.Supp. 703. The District Court specifically held that it was not the function of federal district courts to serve as zoning appeal boards; that the decision of local zoning authorities is an exercise of judgment legislative in character; and that these decisions are subject to judicial control "only if arbitrary or if interested parties have been denied procedural due process", 341 F.Supp. at 705. In its reported opinion, the District Court held that the County Commissioners had assigned reasons for the denial of the zoning change, that the reasons were consistent with the objectives of the zoning resolution, and that the action taken was not arbitrary because there was evidence to support it.

Upon appeal, a Panel of this Court, by a divided vote, reversed the District Court, South Gwinnett Venture v. Pruitt and Rockbridge Associates, Ltd. v. Pruitt, 5 Cir., 1973, 482 F.2d 389. It was the opinion of the Panel majority that the denial of the rezoning application without a statement of reasons and by recourse to evidence which was not in the record was invalid for failure to adhere to concepts of minimal due process. The Panel duly noted the opinion of this Court in Higginbotham v. Barrett, 5 Cir., 1973, 473 F.2d 745, which held "that the zoning of property, including the preparation of comprehensive land use plans, involves the exercise of judgment which is legislative in character and is subject to judicial control only if arbitrary and without a rational basis". The Panel sought to distinguish *Higginbotham*, however, by saying that the adoption of a legislative plan for the entire community differs from a petition for *reclassification* under such a plan. Consideration of rezoning petitions was described as "an exercise of legislative power in a case by case adjudicative setting", therefore, rezoning decisions require an adherence "to concepts of minimal due process", citing Hornsby v. Al-

---

* Judge Ingraham sat as a member of the original panel in this case and thus was a member of the en banc court, Allen v. Johnson, 5 Cir., 1968, 391 F.2d 527.

len, 5 Cir., 1964, 326 F.2d 605.[1] The judgment of the District Court was reversed and the cause remanded for further proceedings consistent therewith.

Pursuant to an appropriate order the case has been reheard *en banc*. We affirm the judgment of the District Court.

█ We adhere to the teachings of Higginbotham v. Barrett, 5 Cir., 1973, 473 F.2d 745, in which it was held that local zoning is a quasi-legislative procedure, not subject to federal juridical consideration in the absence of arbitrary action.

█ Moreover, we see no viable distinction between zoning board functions involved in the adoption of a comprehensive zoning plan and those exercised in the reclassification of a piece of property under an existing plan, see Shenk v. Zoning Commission of the District of Columbia, 1971, 142 U.S.App.D.C. 267, 440 F.2d 295, cited in *Higginbotham, supra*.

█ In *Shenk*, the landowners wanted to rezone property from "single family" to "small apartments". Litigation ultimately led to the enunciation of principles to be applied to federal court review of rezoning cases. A zoning commission is a quasi-legislative body. It is not required to make findings of fact or state the reasons for the action taken. Its actions are entitled to a presumption of validity. The only question which federal district courts may consider is whether the action of the zoning commission is arbitrary and capricious, having no substantial relation to the general welfare. It necessarily follows that upon a factual showing of arbitrariness there must be some basis in fact and law to justify the zoning action as consistent with reasonableness.

In the cases presently before us, the County Commissioners did state the reasons for refusing the application to rezone, which were the inadequacy of sewage facilities, roads and schools in the area, plus the adverse affect on existing residential areas.

█ We agree with the District Court that the plaintiffs simply failed to present a substantial federal question and that the complaints should have been dismissed. In reaching this conclusion, we see no constitutional significance in the consultations between the county commissioners and the county engineer or other public officials. We accordingly decline, in the context of this litigation, to apply the "secret" label to any information thus obtained.

The judgment of the District Court is Affirmed.

WISDOM and INGRAHAM, Circuit Judges (dissenting):

We respectfully dissent for the reasons stated in the panel majority opinion. South Gwinnett Venture v. Pruitt and Rockbridge Associates, Ltd. v. Pruitt, 5 Cir., 1973, 482 F.2d 389.

RONEY, Circuit Judge (specially concurring):

I concur in the result reached by the majority for what may be a slightly different reason. Although I am not sure of the legal difference between arbitrary and capricious conduct and the denial of certain elements of due process, I agree with Judges Wisdom and Ingraham as to a distinction between the necessary action for adoption of a comprehensive zoning plan and the treatment that must be accorded a landowner in consideration of his petition to reclassify a specific tract of land under an existing plan. For want of better words, it seems appropriate to say that in the latter instance, the decision maker must accord the petitioner minimal due process.

As revealed, however, by the opinion of Judge Edenfield in the trial court, the dissenting opinion of Judge Bootle sitting with the panel on our court, and the opinion of Judge Coleman for the en banc court, the plaintiffs were accorded minimal due process in this case.

---

1. Whatever vitality remains in *Hornsby* for licensing cases, cf. Atlanta Bowling Center, Inc. v. Allen, 5 Cir., 1968, 389 F.2d 713, its holding will not be extended to zoning cases.

8

I concur, therefore, in the dismissal of the cause by the trial court not because plaintiffs were entitled to no more than if a comprehensive plan were being adopted, but because they received the more to which they were entitled.