General Walter H. STEPHENS

v.

The CITY OF PLANO, TEXAS, et al.

Civ. A. No. S-73-CA-60.

United States District Court,
E. D. Texas,
Sherman Division.

April 4, 1974.

Michael R. Cooper, Dallas, Tex., for plaintiff.

H. Louis Nichols, Dallas, Tex., for defendants.

## ORDER

JUSTICE, District Judge.

Plaintiff brings this civil action attacking a zoning decision affecting his property and alleges essentially that he has been deprived of his property without due process of law. Jurisdiction is asserted under the Fifth and Fourteenth Amendments to the United States Constitution, pursuant to 28 U.S.C.A. § 1331(a) as well as 42 U.S.C.A. §§ 1983 and 1985(3), pursuant to 28 U.S.C.A. § 1343(1), (3) and (4). Before the court

for consideration is the defendants' motion to dismiss for lack of subject matter jurisdiction.

Plaintiff named as defendants the City of Plano, Plano, Texas, certain named members of the City Council of the City of Plano, the City Manager, the Chairman of the Planning and Zoning Commission, and the Planning Engineer for the City of Plano. Plaintiff does not specify in his complaint whether he is suing the named individuals in their individual capacities, or in their official capacities, or both. Although the complaint could have been drawn more precisely, the liberal rules of federal pleading require that pleadings be construed to do substantial justice; technical exactness is not required. Rule 8(f), Fed.R.Civ.P.

■ The prayer for damages is helpful in resolving some of the ambiguities. Plaintiff seeks actual and exemplary damages against the City of Plano, as well as two individual city council members, Ellis and Geane. Presumably, Ellis and Geane are sued for damages in both their individual and official capacities. Plaintiff also seeks injunctive relief against the City of Plano, the City Council of Plano, the members of the City Council, the City Planning Commission, the Director of the Planning Commission, the City Manager, and the City Planning Engineer to enjoin them from interfering with plaintiff's use of his property in the manner that it was used prior to rezoning. The plaintiff further seeks a declaratory judgment that a certain zoning ordinance is null and void. With respect to the question of whether the City of Plano may be subject to liability under Section 1983, the Supreme Court has recently held that cities—and presumably other political subdivisions of a state as well—are not persons within the meaning of that statute. City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). Nevertheless, since plaintiff additionally has plead general federal question jurisdiction with respect to the City of Plano pursuant to 28 U.S.C.A. § 1331(a) and

has alleged damages in excess of $10,000, the City of Plano is within the court's jurisdiction.

Plaintiff's complaint consists of five counts. Count I is brought under both the general federal question jurisdiction statute and the civil rights statutes. Counts II and V are essentially conspiracy claims under the civil rights statutes. Counts III and IV are claims under state law, asserted under this court's pendent jurisdiction. In passing on defendant's motion to dismiss, this court is governed by the rule announced by the Supreme Court in Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed. 2d 80 (1957): a complaint will not be dismissed for failure to state a claim on which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

## COUNT I

■ Pursuant to his claim under general federal question jurisdiction, plaintiff contends that he was deprived of his property without due process of law, that his property was taken without just condemnation or just compensation, and that he was denied equal protection of the laws. Pursuant to his claim under Section 1983, plaintiff contends that the City Council and each of its members acted under color of state statute and municipal ordinance to deprive him of his property without due process of law. Additionally, plaintiff contends pursuant to Section 1985(3), that two individual members of the city council, Ellis and Geane, acted "arbitrarily, capriciously and with malice aforethought," in conspiring to deprive plaintiff of his property without due process of law. With the exception of the latter allegation regarding Ellis and Geane individually, the thrust of Count I is an attack upon a decision made by the City Council to rezone plaintiff's property on the basis of certain alleged procedural defects.

In a similar action brought against certain municipal officials for damages

caused by the conspiracy of the officials to protect and prefer the interests of a certain factory over the rights of the plaintiff, the First Circuit held, with respect to jurisdiction asserted under Section 1983, that

> Where a state official's judgment and discretion are of vital concern, we require a showing of purposeful discrimination or at least an allegation that his misdeeds were knowing or reckless. [Citations omitted.] There is a vast difference between alleging an act to be be merely "wrongful" or "unlawful" and the " 'showing of purposeful discrimination' * * * necessary in order to raise a claim under the Fourteenth Amendment."

Harrison v. Brooks, 446 F.2d 404, 407 (1st Cir. 1971).

Moreover, the Fifth Circuit in the recent *en banc* decision in South Gwinnett Venture v. Pruitt, 491 F.2d 5 (5th Cir. March 14, 1974), has followed the thrust of the analysis of the First Circuit and has held that local zoning is a quasi-legislative procedure that is not subject to federal juridical consideration in the absence of arbitrary action. The court further held that there is no distinction for jurisdictional purposes between zoning board functions involved in the adoption of a comprehensive zoning plan and those exercised in the reclassification of a piece of property under an existing plan. *See also* Higginbotham v. Barrett, 473 F.2d 745 (5th Cir. 1973). Thus, this court in passing on the defendants' motion to dismiss is guided by the following standard:

> The only question which federal district courts may consider is whether the action of the zoning commission is arbitrary and capricious, having no substantial relation to the general welfare.

South Gwinnett Venture v. Pruitt, *supra* at 7.

As this court understands South Gwinnett Venture v. Pruitt, *supra*, the Fifth Circuit intended that federal jurisdiction over local zoning decisions challenged on due process grounds—whether raised by an allegation of the denial of due process or of the denial of just compensation—is limited to the consideration of the allegations, if any, that such action is arbitrary and capricious and without relation to the general welfare. Under this standard, plaintiff has alleged no facts, except those relating to Ellis and Geane,[1] which, if proved, would entitle him to relief. Although plaintiff alleges certain "harrassment," the only underlying facts alleged are that the request for a zoning change had been raised by the city council on a number of previous occasions but rejected "without just cause and without any changed conditions that would justify the presentation of such rezoning request." This allegation, even accompanied by an allegation of certain procedural defects,[2] is insufficient, without more, to constitute an allegation of arbitrary and capricious action; it is merely an allegation that the decision, in the view of the plaintiff, is "wrong". Moreover, the plaintiff has alleged no facts which, if proved, would entitle him to relief under the allegation of the denial of equal protection.

## COUNTS II AND V

■ With respect to the conspiracy section of the civil rights statutes, the Supreme Court in Griffin v. Breckenridge, 403 U.S. 88, 101–102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971), explained that

> It is thus evident that all indicators —text, companion provisions, and legislative history—point unwaveringly to § 1985(3)'s coverage of private conspiracies. That the statute was meant to reach private action does not, however, mean that it was intended to ap-

1. The allegations concerning Ellis and Geane are discussed in connection with Count V.

2. In reversing the Panel decision, *see* 482 F. 2d 389, the *en banc* court in South Gwinnett

Venture v. Pruitt, *supra* at 5 n. 1, specifically refused to extend the "minimal due process" requirements of Hornsby v. Allen, 326 F.2d 605 (5th Cir. 1964) to zoning cases.

ply to all tortious, conspiratorial interferences with the rights of others. For, though the supporters of the legislation insisted on coverage of private conspiracies, they were equally emphatic that they did not believe, in the words of Representative Cook, "that Congress has a right to punish an assault and battery when committed by two or more persons within a State." . . . The constitutional shoals that would lie in the path of interpreting § 1985(3) as a general federal tort law can be avoided by giving full effect to the congressional purpose—by requiring, as an element of the cause of action, the kind of invidiously discriminatory motivation stressed by the sponsors of the limiting amendment . . . The language requiring intent to deprive of *equal* protection, or *equal* privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all. [Emphasis in original.]

It should be noted first that the application of the conspiracy section outside the racial discrimination area *is* not without considerable doubt. *E. g.*, the Supreme Court, 1970 Term, 85 Harv.L. Rev. 95 (1971). Indeed the *Griffin* court expressly noted that

We need not decide, given the facts of this case, whether a conspiracy motivated by invidiously discriminatory intent other than racial bias would be actionable under the portion of § 1985(3) before us.

Griffin v. Breckenridge, *supra* at 102, n. 9. Even if this section of the Civil Rights Act is construed to extend to non-racially related claims, plaintiff has failed to allege in Count II any kind of class-based, invidiously discriminatory animus behind the alleged conspirators' action. It follows that Count II must be dismissed.

■ In Count V, however, plaintiff's allegations—that council members Ellis and Geane conspired with residents surrounding plaintiff's property to prevent blacks and other minority groups from entering the multi-family residence area by rezoning plaintiff's property—set out the kind of class-based, invidiously discriminatory animus required by *Griffin*; therefore, Count V states a claim under 42 U.S.C.A. §§ 1983 and 1985(3).

## COUNTS III AND IV

■ Pendent jurisdiction exists whenever the state and federal claims "derive from a common nucleus of operative fact" and are such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." United Mineworkers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Count III alleges that certain ordinances were adopted in violation of Texas law and Count IV alleges that such rezoning constitutes a taking of property in violation of the due process clause of the Constitution of the State of Texas. This court has dismissed all the federal counts except Count V. Since that count concerns only defendants Ellis and Geane and does not relate to any additional defendants necessary to adjudicate the state claims, *see e. g.*, Wojtas v. Village of Niles, 334 F.2d 797 (7th Cir. 1964), this court declines to exercise its pendent jurisdiction. *See generally* United Mineworkers v. Gibbs, *supra* at 726. Accordingly, it is

Ordered that as to Counts I, II, III, and IV, the defendants' motion to dismiss is granted. It is further

Ordered that as to Count V, defendants' motion to dismiss is denied.