**Clint C. BLACKMAN, Jr., and
E. B. Yale**

v.

**The CITY OF BIG SANDY, TEXAS et al.**

**No. TY-73-CA-42.**

United States District Court,
E. D. Texas,
Tyler Division.

June 21, 1974.

Earl Roberts, Jr., Smead, Roberts, Harbour, Smith, Harris & French, Longview, Tex., for plaintiffs.

Lowell C. Holt, Gilmer, Tex., for defendants.

MEMORANDUM OPINION

STEGER, District Judge.

This is a zoning case. The plaintiffs, Clint C. Blackman, Jr., E. B. Yale and Thrifty-Man No. 4 Ltd.[1] are challenging ordinances of the City of Big Sandy, Texas, which prohibit the sale of alcoholic beverages in their zone. The plaintiffs contend that the ordinances are unconstitutional and invalid for the following reasons: (1) they are in violation of the Fifth and Fourteenth Amendments; (2) they are unreasonable and arbitrary and bear no reasonable relationship to the City's right to provide for the health, welfare and safety of its citizens; (3) they are discriminatory because they make unreasonable distinctions between types of properties; (4) they are not a proper exercise of the police power of the city; and (5) the enforcement of the ordinances is discriminatory. Jurisdiction is based on the above named amendments pursuant to 28 U.S.C. §§ 1343(3) and 1331. Additionally the plaintiffs allege violations of 42 U.S.C. §§ 1983 and 1988. The plaintiffs claim that the amount in controversy exceeds the sum of $10,000.00.

The defendants consist of the City of Big Sandy, the Mayor and the City Council of the City and the City Secretary. The Mayor and the City Council are sued in their individual as well as their representative capacities. The City Secretary is being sued in her representative capacity only. The plaintiffs seek injunctive relief against the defendants, a declaration that the zoning ordinances of the City are unconstitutional and damages in the sum of $500.-00 for each month that they have been

---

1. Thrifty-Man No. 4 Ltd. is a limited partnership organized under the laws of the State of Texas with Blackman and Yale as its general partners.

prevented from selling beer on their premises. On April 11, 1974, the case was tried to the Court without the intervention of a jury. The following will constitute the Court's findings of fact and conclusions of law for purposes of Rule 52, Federal Rules of Civil Procedure.

On June 1, 1971, the voters of the City of Big Sandy voted to legalize the sale of beer and certain other alcoholic beverages within the corporate limits of the City. Then, some six days later the City passed an ordinance which prohibited the sale of alcoholic beverages within 300 feet of any hospital, church or school.[2]

The plaintiffs purchased their property in August of 1971. Their tract of land is a portion of Lot 4, Block 47 in Big Sandy and it is located at the Southwest intersection of U. S. Highway No. 80 and Hawkins Street. After the erection of a building, the property was used as a self-service gasoline and petroleum products station. Eventually the plaintiffs planned to sell beer for off-premises consumption at this location.

There are four churches within one block of the plaintiffs' business, and a school is two blocks away. Because of the nearness of the school, children frequently pass by the plaintiffs' station. There are commercial establishments also in the area. On U. S. Highway No. 80 within one block of the plaintiffs' property there are three gasoline service stations, a used car lot and a motel.

The initial obstacle to the plaintiffs' plans to sell beer at this location was the close proximity of the church across the street. The plaintiffs were not lacking in ingenuity, because they solved their problem by winching their service station building back a few feet until it was more than 300 feet from the nearest church. Thereafter, the plaintiffs attempted to obtain a certification by the City to obtain a license to sell beer for off-premises consumption. This certification was initially denied because of the protestations of some of the local residents who did not desire to have beer sold so close to their churches and the school.

The City was not about to have their intentions thwarted so easily by the plaintiffs. On April 24, 1972, the City passed Ordinance No. 231, which established a residential zone where the sale of liquor and beer was prohibited. The plaintiffs' property was within this zone. A comprehensive zoning ordinance was passed by the City Council on July 10, 1972. Under this ordinance covering the whole city, the plaintiffs' property was zoned in a "B" residential district and the sale of intoxicating beverages was prohibited therein.

Within the "B" zone there are other commercial establishments, residential areas, churches and the school. Outside of this "B" area, some seven other business establishments are allowed to sell beer or other alcoholic beverages.

The question presented for this Court's determination is whether the plaintiffs have presented a substantial federal question under the facts of this case. After reviewing the facts and the law, the answer to this question would have to be in the negative.

The power of a federal court to review the zoning commission decisions of a city is very limited. As was stated by the Court in Rockbridge Associates, Ltd. v. Pruitt:

> "The individual merits of local zoning matters are appropriately left to the sound discretion of local zoning

2. The Texas Liquor Control Act, Vernon's Texas Penal Code Ann. Art. 666–25a provides as follows:

"The Commissioners' Court of any county in the territory thereof outside incorporated cities and towns and the governing authorities of any city or town within the corporate limits of any such city or town may prohibit the sale of alcoholic beverages by any dealer where the place of business of any such dealer is within three hundred (300) feet of any church, public school or public hospital, the measurements to be along the property lines of the street fronts and from front door to front door and in direct line across intersections where they occur."

authorities. This court is charged only with the responsibility of insuring that zoning decisions are not made in a manner which contravenes the mandates of the United States Constitution." 341 F.Supp. 703, 705 (N.D. Ga.1971), aff'd South Gwinnett Venture v. Pruitt, 491 F.2d 5 (5th Cir. 1974).

 Local zoning is a quasi-legislative function and not subject to federal court review unless the plaintiffs can show that the actions of the defendants are arbitrary. Higginbotham v. Barrett, 473 F.2d 745, 747 (5th Cir. 1973). Further, the decisions of the local zoning body are entitled to a presumption of validity. South Gwinnett Venture v. Pruitt, *supra.*

In *South Gwinnett Venture, supra,* the Fifth Circuit, *en banc,* considered the scope of review for federal courts in zoning cases. The Court concluded that, "The only question which federal district courts may consider is whether the action of the zoning commission is arbitrary and capricious, having no substantial relation to the general welfare."

Examining the facts of the instant case, and being mindful of the limited scope of review accorded to federal courts in zoning cases, this Court concludes that the zoning of the plaintiffs' property was not arbitrary and capricious. Admittedly, the City Council wanted to prohibit the sale of intoxicating liquors in an area immediately surrounding their churches and where the school children pass every day. They were concerned about the plaintiffs' property, but zoning ordinance No. 231, and the comprehensive zoning plan were not directed specifically at the plaintiffs. The City's intention was to set aside an area that contained the churches and school with the prohibition of the sale of intoxicating beverages by *any* commercial establishments. The decision is primarily a local one, and this Court cannot say that the action of the City is "arbitary and capricious, having no substantial relation to the general welfare."

Therefore, the Court concludes that no substantial federal question has been presented and the complaint should be dismissed. It follows that the plaintiffs are not entitled to damages or an injunction against the defendants.

Judgment shall be entered by the Court in accordance with the findings made herein.