**Rodney STRAIN et al.**

**v.**

**CITIZENS BANK & TRUST COM- PANY et al.**

**Civ. A. No. 74–2580.**

United States District Court,
E. D. Louisiana.

Sept. 30, 1975.

---

**3.** *Cf. Galfand v. Chestnutt,* 402 F.Supp. 1318 (S.D.N.Y.1975) (Demand in Section 36(b) action held after trial to have been futile).

Louis R. Koerner, Jr., of Koerner & Babst, New Orleans, La., for plaintiffs.

J. Michael Cumberland, of Badeaux, Discon, Cumberland & Barbier, New Orleans, La., for defendants Rodrigue & Edwards.

William J. Jones, Jr., of Barranger, Barranger, Jones & Fussell, Covington, La., for defendant Citizens Bank.

CHRISTENBERRY, District Judge.

Plaintiffs Rodney Strain, Charles Strain, and C & J Truckers, Inc. have attempted to invoke the jurisdiction of this court through a complaint akin to a judicial Hydra. Plaintiffs contend that defendants have violated 42 U.S.C. §§

1981, 1982, 1983, and 1985, as well as Section 10(b) of the Securities and Exchange Act of 1934. To establish jurisdiction over these alleged violations, plaintiffs have invoked the provisions of 28 U.S.C. §§ 1331, 1343; 42 U.S.C. § 1988; and 15 U.S.C. § 78aa. Recently, plaintiffs have added to their array of jurisdictional allegations by alleging a violation of 15 U.S.C. §§ 1, 2, and basing jurisdiction on 15 U.S.C. § 15.

The matter is presently before the court on defendants' Julian J. Rodrigue and Wallace A. Edwards motion to dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Also before the court is defendant Citizens Bank and Trust Company's (Citizens) motion to dismiss the complaint pursuant to Rule 12(b)(1) and (b)(6) of the F.R.Civ.P. Also before the court is a motion to have the determination of the motions to dismiss deferred until trial on the merits and/or completion of discovery along with a motion to compel Rodrigue and Edwards to answer interrogatories and respond to requests for production. After considering the arguments, the memoranda of counsel, and the law, the court is ready to rule.

### PLAINTIFFS' MOTIONS

Considering the plaintiffs' motions first, the court finds that the motion to compel answers to interrogatories has been satisfied by the answers and responses filed into the record of this action shortly after this motion was heard.

Plaintiffs' motion to have the determination of the motions to dismiss deferred until trial on the merits and/or completion of discovery must be denied. It is plaintiffs' contention that a determination of defendants' motion to dismiss would require a detailed factual inquiry, and that plaintiffs would be unable to defend the motions to dismiss without the completion of extensive discovery. How-

ever, plaintiffs misconstrue the purpose of Rule 12(b) F.R.Civ.P. It is clear that for the purpose of considering a Rule 12(b) motion to dismiss, the well-pleaded allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Campbell v. Beto*, 460 F.2d 765 (5th Cir. 1972). At this stage in the proceeding, a detailed factual inquiry would be inappropriate. The questions of whether the court has jurisdiction and whether the complaint states a claim must be resolved by reference to the complaint and first amended complaint alone.

### FACTS

The original and first amended complaints make certain allegations which plaintiffs allege will establish jurisdiction in this court. The case is essentially a legal malpractice action against defendants Julian J. Rodrigue and Wallace A. Edwards, whom plaintiffs claim represented them from 1965 to some undetermined date. Defendant Citizens is alleged to have participated in the alleged acts of malpractice and to have benefited from those acts. Plaintiffs claim that Rodrigue and Edwards through the power and authority of their official capacities, as First Assistant District Attorney of the Twenty-second Judicial District, and as a Judge of the Twenty-second Judicial District respectively, have threatened and coerced plaintiffs to relinquish their property. Defendant Citizens is alleged to have conspired with Rodrigue and Edwards to deprive plaintiffs of their property. Additionally, defendants are claimed to have fraudulently induced plaintiffs to borrow monies from Citizens. Plaintiffs admit that these monies were needed for the continuing operation of their business, but they allege that the loans were made with the speculative or investment intent of Citizens. To secure the loans plaintiffs issued certain promissory notes to Citizens.

## DEFENDANTS' MOTIONS

From a reading of defendants' extensive memoranda, it is apparent that the major thrust of defendants' objection goes to the substance of the claims rather than the court's power to accept jurisdiction. However, the question of jurisdiction must be determined first.

> For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. *Bell v. Hood*, 327 U.S. 678, 682 [66 S.Ct. 773, 776, 90 L.Ed. 939] (1946). [Citations omitted.]

We will first determine whether this court has subject matter jurisdiction and then determine whether plaintiffs state a claim for each of the alleged federal causes of action.

## CIVIL RIGHTS

Plaintiffs seek to invoke the jurisdiction of this court through 28 U.S.C. § 1343 by alleging violations of 42 U.S.C. §§ 1981, 1982, 1983, and 1985.

42 U.S.C. §§ 1981, 1982

█ Plaintiffs' §§ 1981 and 1982 claims base their jurisdiction on 28 U.S.C. § 1343(4) which confers jurisdiction over civil actions "[t]o recover damages . . . under any Act of Congress providing for the protection of civil rights . . . ." However, plaintiffs' claim under §§ 1981 and 1982 is utterly without merit. Sections 1981 and 1982 were originally enacted as part of the Civil Rights Act of 1866 and were designed to enforce the Thirteenth Amendment. Therefore, they are directed specifically at racial discrimination. *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968). The Civil Rights Act of 1866 has consistently been interpreted to include only racially based discrimination and only such suits may be maintained under §§ 1981 and 1982. *Marshall v. Plumbers & Steamfitters Local Union 60*, 343 F.Supp. 70 (E.D.La. 1972); *Kurylas v. U. S. Department of Agriculture*, 373 F.Supp. 1072 (D.D.C. 1974.) Plaintiffs' claims under §§ 1981 and 1982 are so insubstantial and completely devoid of merit as not to involve a controversy within the jurisdiction of this court. Accordingly, plaintiffs' claim under 42 U.S.C. §§ 1981 and 1982 is dismissed for lack of subject matter jurisdiction. Rule 12(b)(1) F.R.Civ.P.

42 U.S.C. § 1983

█ Plaintiffs' § 1983 claim rests on the grant of jurisdiction in 28 U.S.C. § 1343(3). Both § 1343(3) and § 1983 require a deprivation, under color of state law, of a right, privilege or immunity secured by the Constitution or laws of the United States. The complaint has made allegations which conceivably could tend to meet the requirements of a § 1983 action and the court finds that these allegations are not so implausible and completely without merit as to justify dismissal for want of jurisdiction. *See Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 94 S.Ct. 772, 39 L. Ed.2d 73 (1974).

█ Proceeding to the question of whether the complaint states a cause of action under § 1983, defendants urge the court to dismiss the cause because it is not supported by sufficient factual allegations. However, the court considers the law to be otherwise. The sufficiency of a complaint does not rest upon the number or particularity of the facts alleged. To withstand a Rule 12(b)(6) motion to dismiss, plaintiffs need not set out in detail the facts upon which they base their claim, all that is required is "a short and plain statement of the claim," that will give defendants fair notice of the claim and the grounds upon which it rests. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d

80 (1957). The standard used to test the sufficiency of a complaint is "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. at 45–46, 78 S.Ct. at 102. This is the accepted rule in civil actions and is the rule in this circuit for civil rights actions as well. *Lewis v. Brautigam,* 227 F.2d 124 (5th Cir. 1955); *Hughes v. Noble,* 295 F.2d 495 (5th Cir. 1961); *Mansell v. Saunders,* 372 F.2d 573 (5th Cir. 1967); *Barnes v. Merritt,* 376 F.2d 8 (5th Cir. 1967). Using the *Conley* standard, the court is unable to dismiss plaintiffs' § 1983 claim for failure to state a cause of action at this stage in the proceeding. Of course, the court offers no opinion as to the ultimate merits of plaintiffs' § 1983 claim or its ability to withstand a motion for summary judgment.

42 U.S.C. § 1985(3)

Section 1343(1) confers jurisdiction in this court "[t]o recover damages for injury to his person or property, . . . by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42." The Supreme Court in *Griffin v. Breckenridge,* 403 U.S. 88, 102–103, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971) outlined the required elements of a § 1985(3) complaint. There must be allegations of a conspiracy for the purpose of depriving any person, or class of persons, equal protection of the laws and of an overt act whereby a conspirator injures another in his person or property. Plaintiffs have met the bare requirements outlined in *Griffin* for the purpose of assuming jurisdiction to determine whether the complaint states a claim.

 For a § 1985(3) complaint to state a claim upon which relief may be granted, it is well established that "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action."

*Griffin, supra* at 102, 91 S.Ct. at 1798. Absent any allegations of such an *animus,* § 1985(3) cannot reach, and was not intended to reach, "all tortious, conspiratorial interferences with the rights of others." *Id.* at 101, 91 S.Ct. at 1798; *Stephens v. City of Plano, Texas,* 375 F.Supp. 985 (E.D.Tex.1974). Unless plaintiffs allege some "class-based, invidiously discriminatory animus" behind defendants' actions the complaint cannot under any factual circumstances state a claim under 42 U.S.C. § 1985(3). Plaintiffs' § 1985(3) claim should be dismissed for failure to state a claim upon which relief may be granted.

*Statute of Limitations*

Defendants contend that the applicable statute of limitations has run on plaintiffs' civil rights claims. Defendants claim that this is essentially an action in tort in which La.Civil Code art. 3536 would control. Plaintiffs maintain that, since there is specific period of prescription for claims of discrimination in Louisiana, Art. 3544 should be applied. *See Lazard v. Boeing Co.,* 322 F.Supp. 343 (E.D.La.1971). The court is inclined to defer any determination of which prescription period should be applied to plaintiffs' § 1983 claims until such time as the facts, which would control such a determination, have been more fully developed.

SECURITIES ACT

 To determine whether this court has jurisdiction over plaintiffs' claim under the Securities and Exchange Act of 1934, we must first meet the threshold issue of whether the promissory notes issued by plaintiffs are securities within the meaning of the Act. The focus of the inquiry is on the type of transaction. A note issued in connection with an investment type transaction is a security. *SEC v. Continental Commodities Corp.,* 497 F.2d 516 (5th Cir. 1974). Whilst, a note issued in a com-

mercial type transaction is not a security. *McClure v. First National Bank of Lubbock, Texas,* 497 F.2d 490 (5th Cir. 1974). The intention of the parties is paramount in categorizing the transaction as either commercial or investment. In the instant case the plaintiffs sought to borrow money to pay off their debts and to obtain sufficient working capital. Although the complaint alleges that Citizens' intent was to obtain the assets and personal property of plaintiffs through the loans, these allegations of speculative intent are contrary to the picture presented by a reading of the complaint as a whole. The nature of the parties often helps classify a transaction as either commercial or investment.

> When a prospective borrower approaches a bank for a loan and gives his note in consideration for it, the bank has purchased commercial paper. But a person who seeks to invest his money and receives a note in return has not purchased commercial paper in the usual sense. He has purchased a security investment. *Sanders v. John Nuveen & Co.,* 463 F.2d 1075, 1080, (7th Cir. 1972), *cert. denied,* 409 U.S. 1009, 93 S.Ct. 443, 34 L.Ed.2d 302.

In the instant transactions it was the admitted intention of the borrower to use the proceeds of the loan to operate its business. Additionally, only the bank and the borrower were involved. The notes were neither offered publicly nor acquired by the bank for speculation. *See McClure v. First National Bank of Lubbock, Texas, supra.* From the allegations of the original and first amended complaints, considered as a whole, the court finds that the notes in question were issued as part of a commercial loan transaction and are not within the purview of the Act. *Bellah v. First National Bank of Hereford, Texas,* 495 F.2d 1109 (5th Cir. 1974). Therefore, plaintiffs' claim under the Securities and Exchange Act of 1934 should be dismissed for lack of subject matter jurisdiction.

## PENDENT JURISDICTION

■ Plaintiffs would have the court assume jurisdiction over their claims against defendants based on state law under the doctrine of pendent jurisdiction. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Pendent jurisdiction over state claims is a doctrine of discretion not to be routinely exercised without considering the advantages of judicial economy, convenience, and fairness to litigants.

■ After considering the above factors, the court has concluded that it should decline to exercise pendent jurisdiction over state law claims. Accordingly,

It is ordered that defendants' motion to dismiss the complaint for lack of subject matter jurisdiction be and it is granted as to plaintiffs' claims under 42 U.S.C. §§ 1981 and 1982, and under the Securities and Exchange Act of 1934, and those claims are hereby dismissed.

It is further ordered that defendants' motion to dismiss the complaint for failure to state a claim upon which relief may be granted should be and it is granted as to plaintiffs' 42 U.S.C. § 1985(3) claim, and the same is hereby dismissed.

It is further ordered that defendants' motion to dismiss plaintiffs' 42 U.S.C. § 1983 claim should be and it is denied.

It is further ordered that motions of plaintiffs to compel answers to interrogatories and to defer determinations of the motions to dismiss to trial on the merits and/or completion of discovery are denied.