REQUESTED BY: Mr. Alfonza Whitaker, Executive Director Nebraska Equal Opportunity Commission
You have requested an Attorney General's Opinion addressing the issue of whether Baker's Supermarket is a public accommodation within the meaning of Neb. Rev. Stat. 20-133. We conclude that it is.
Neb. Rev. Stat. § 20-132 reads:
 All persons within this state shall be entitled to a full and equal enjoyment of any place of public accommodation, as defined by sections 20-132 to 20-143, without discrimination or segregation on the grounds of race, color, sex, religion, national origin, or ancestry.
Neb. Rev. Stat. § 20-133 defines the term "public accommodation" as:
 [A]ll places or businesses offering or holding out to the general public goods, services, privileges, facilities, advantages, and accommodations for the peace, comfort, health, welfare, and safety of the general public and such public places providing food, shelter, recreation, and amusement including, but not limited to:
 (1) Any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;
 (2) Any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including but not limited to any such facility located on the premises of any retail establishment;
 (3) Any gasoline station, including all facilities located on the premises of such station and made available to the patrons thereof;
 (4) Any motion picture house, theatre, concert hall, sports arena, stadium, or other place of exhibition or entertainment;
 (5) Any public facility owned, operated, or managed by or on behalf of this state or any agency or subdivision thereof, or any public corporation, and any such facility supported in whole or in part by public funds; and
 (6) Any establishment which is physically located within the premises of any establishment otherwise covered by this section or within the premises of which is physically located any such covered establishment and which holds itself out as serving patrons of such covered establishment.
The Nebraska public accommodations statute was modeled after the public accommodations provision of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, which prohibits discrimination or segregation in places of accommodation. The purpose of42 U.S.C.A. § 2000a is to eliminate "the daily affront and humiliation involved in discriminatory denials of access to facilities ostensibly open to the general public." EEOC v. TheChicago Club, 86 F.3d 1423, 1435 (7th Cir. 1996) (quoting Danielv. Paul, 395 U.S. 298, 307-08, 89 S.Ct. 1697, 1702,23 L.Ed.2d 318 (1969)). The following establishments which serve the public are considered to be places of accommodation under the federal statute if their operations affect commerce:
 (1) Any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishments as his residence;
 (2) Any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;
 (3) Any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and
 (4) Any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.
While it may be argued that the federal public accommodations provision limits coverage to the four categories listed above, the Nebraska statute does not limit coverage to only specific categories, such as hotels, restaurants, and gas stations. Rather, it includes those entities in its definition of "such public places providing food, shelter, recreation, and amusement." The Nebraska statute also extends coverage to "all places or businesses offering or holding out to the general public goods, services, privileges, facilities, advantages, and accommodations for the peace, comfort, health, welfare, and safety of the general public." Neb. Rev. Stat. § 20-133.
Because Neb. Rev. Stat. § 20-132 is a penal statute, it must be strictly construed. Further, when statutory language is unambiguous, consideration of legislative intent is unnecessary:
 A statute is not to be read as if open to construction as a matter of course. Where the words of a statute are plain, direct, and unambiguous, no interpretation is needed to ascertain the meaning. In the absence of anything to indicate the contrary, words must be given their ordinary meaning. It is not within the province of a court to read a meaning into a statute that is not warranted by legislative language.
Loewenstein v. Amateur Softball Association of America,227 Neb. 454, 457, 418 N.W.2d 231, 234 (Neb. 1988) (quoting Bachus v.Swanson, 179 Neb. 1, 4, 136 N.W.2d 189, 192 (1965)).
Based on the wording of Neb. Rev. Stat. § 20-133, it would appear that Baker's Supermarket is a place of public accommodation because it is a business which offers or holds out to the general public goods and services for the comfort, health, and welfare of the general public.
It is also possible to argue that a number of Baker's supermarkets would be considered to be places of public accommodation under both the federal statute and § 20-132
because these grocery stores operate restaurants on the premises. In Daniel v. Paul, 395 U.S. 298, 23 L.Ed.2d 318 (1969), the United States Supreme Court ruled that a snack bar which was located at a privately owned recreational facility was a covered public accommodation under the Civil Rights Act of 1964. The Court further held that the snack bar's status as a covered public accommodation automatically brought the entire recreational facility within the ambit of Title II. Daniel at 305.
The Ninth Circuit Court of Appeals reached a similar decision in United States v. Baird, 85 F.3d 450, 454 (9th Cir. 1996), when it ruled that a convenience store which had two video games was a place of public accommodation under the Civil Rights Act of 1964. According to this decision, it made no difference whether the video games were a substantial or insubstantial part of the store's business. The court found that the wording of42 U.S.C. § 2000a(b)(2) shows a "congressional intent to integrate entire premises which would not be public accommodations, but for covered establishments on their premises." Baird at 454. (see also United States v. DeRosier, 473 F.2d 747 (5th Cir. 1973) (holding that a neighborhood bar with a juke box, shuffle board game, and a pool table, which generated three percent of the bar's revenue, was a place of public accommodation because of the presence these entertainment devices.)
Based on these rulings, it can be argued that the presence of a restaurant within a Baker's Supermarket brings the entire supermarket under the provisions of the federal public accommodations statute. Likewise, the presence of a restaurant in a supermarket would result in the supermarket falling under the authority of § 20-133(2) which covers "any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including but not limited to any such facility located on the premises of any retail establishment."
In conclusion, a Baker's Supermarket is a place of public accommodation because it is a business which offers or holds out to the general public goods and services for the comfort, health, and welfare of the general public. Further, Baker's Supermarkets that operate restaurants on the premises can be considered a place of public accommodation under both the federal and state public accommodation statute.
Sincerely yours,
 DON STENBERG Attorney General
 Suzanna G. Glover-Ettrich Assistant Attorney General
APPROVED:
Don Stenberg 
Attorney General