Thomas C. FISHER, Appellant,

v.

KENTUCKY ALCOHOLIC BEVERAGE CONTROL BOARD et al., Appellees.

Court of Appeals of Kentucky.

Oct. 16, 1970.

Guy C. Shearer, Louisville, Thomas C. Fisher, Middletown, for appellant.

John D. Darnell, Chancellor, Darnell & Smith, Frankfort, for ABC Board and each member thereof.

William M. Johnson, Frankfort, for appellees, Wilson Abbott and Bettie Abbott.

John Breckinridge, Atty. Gen., in pro. per.

Edward Phillips, Louisville, for Jack O'Leary.

CULLEN, Commissioner.

Since 1965 Jack O'Leary has held a retail beer license for premises known as Jack O'Leary's Tap Room, located in the Middletown Plaza Shopping Center in Jefferson County. Thomas C. Fisher, who is the owner, subject to the shopping center's long-term lease, of the land on which the center is located, protested the 1967 renewal of O'Leary's license. A hearing was held before the Alcoholic Beverage Control Board, following which the board entered an order renewing the license. On Fisher's appeal to the Franklin Circuit Court judgment was entered affirming the order. Fisher is appealing here from that judgment.

Fisher pitches his case on the proposition that the type of business being carried on by O'Leary is not allowable under the *zoning* regulations of Jefferson County for the C–1 Commercial zone in which the shopping center is located, wherefore an alcoholic beverage license could not legally be issued for the premises. "Restaurants" are authorized in a C–1 zone but Fisher maintains that O'Leary's tap room cannot qualify as a restaurant because the proof showed that the sale of food items in the tap room was only incidental to the sale of beer, and because musical entertainment was provided, which latter fact allegedly prevents the room from qualifying as a restaurant under the zoning regulations.

Assuming for the purposes of this opinion, but not deciding, that the evidence on the hearing before the Alcoholic Beverage Control Board was such as to require a finding that the tap room was not a restaurant within the meaning of the zoning laws, it does not follow that the board was required therefore to deny the beer license. Nowhere in the alcoholic beverage control statute is violation of any law, other than those relating to alcoholic beverages, taxation or gambling, made a compulsory ground for denial or revocation of a license. See KRS 243.450, 243.490, 243.500. The appellant does not cite any other basis of authority for such a proposition.

The zoning laws are of such a nature as to be peculiarly adapted to administration and enforcement primarily by the zoning authorities. An issue of fact as to whether a violation of the zoning laws was taking place would not be appropriate for decision in an alcoholic beverage license proceeding.

On the specific facts of this case we hold that the alleged violation of the zoning laws was not a ground for compulsory revocation or denial of the license in question.

The judgment is affirmed.

All concur.