**Mrs. Minnie L. EVANS, Appellant,**

v.

**Elbert PAGE, Jr., et al., Appellees.**

**No. 74–1509.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 8, 1975.

Decided May 15, 1975.

James H. McKenzie, Prescott, Ark., for appellant.

Charles L. Honey, Prescott, Ark., for appellees.

Before BRIGHT, STEPHENSON and WEBSTER, Circuit Judges.

BRIGHT, Circuit Judge.

Minnie L. Evans brought this action seeking declaratory and injunctive relief and damages for violation of her civil rights under 42 U.S.C. § 1983. She alleged that the school board of Oak Grove School District No. 4, Nevada County, Arkansas, violated her constitutional rights by declining to rehire her as a teacher's aide for the succeeding school year because she had served as an election official for the school board election. The district court[1] dismissed the action and Evans brings this appeal. We affirm.

Plaintiff-Evans was employed by the school district as a teacher's aide during the 1968–1969 and 1969–1970 school years, and again during the 1971–1972 school year.[2] The district hired her for each nine-month school term by a vote of its board of directors. As a teacher's aide, she was paid $1.60 per hour and was considered a member of the instructional staff.

An election of members to the Oak Grove school board took place on March 14, 1972. Prior to that date, the county election commission had appointed Evans as an election clerk.[3] The district court found that the school superintendent had

---

1. United States District Court, Western District of Arkansas, Judge Paul X Williams presiding.

2. Plaintiff-Evans did not work as a teacher's aide during the 1970–1971 school year when her husband was employed by the school district as a bus driver because the school district apparently observed a policy of limiting employment to one member of a family at any given time.

3. Although Evans had previously served as an election clerk when she was not employed by the school district, she had not volunteered to serve as an election official in the March 1972 election.

advised Evans that the school board did not approve of her serving as an election official and that she would lose one day's wages if she took the time off from school. Evans told the superintendent that she nevertheless intended to serve as an election clerk. After receiving permission from her supervising teacher to be absent from school, Evans then served on the election board.

In May of 1972 the school board met to consider employment contracts for the next school year. The board, by a three to two vote, decided not to rehire Evans. In response to Evans' request for the reason for its action, the board, by letter dated June 9, 1972, gave the following explanation:

The reason the school did not renew your contract for the 1972–73 school term was because you worked in the school election and you were under contract with the district and the board did not give you permission to work on the election.

This suit followed.

Evans makes these principal contentions on appeal: (1) The district court committed error in finding that she was officially advised not to serve as an election clerk. (2) The decision of the school board not to rehire her infringed her constitutional right to vote and her civil right to serve as an election official. (3) The arbitrary and capricious action of the school board violated her right to substantive due process.

■ The superintendent testified below that the school board directed him to tell plaintiff-Evans that she did not have its permission to work as an election clerk during the school board election and that she would not be paid by the school district if she did so. He testified that he relayed this information to Evans prior to the date of the election. Thus, the record supports the trial court's finding that "plaintiff made a deliberate choice to leave her chores as a teacher aide and serve as an election official when the school officials had ad-vised her not to do so." Accordingly, we reject plaintiff's first contention.

■ Evans' second contention, that the board abridged her constitutional right to vote, rests upon the argument that the service of qualified election officials is a necessary prerequisite to the conduct of an "honest" election and that the limitation of the right of a qualified person to serve as an election official is an infringement of the right to vote. This argument, although ingenious, is highly tenuous. The privilege of serving when appointed to an election board cannot be elevated to a federal constitutional right merely because such service is tangentially related to the constitutionally recognized right to vote. Consequently, we concur with the district court in its holding that Evans' right to vote was not impaired or violated in any way.

Evans relies upon Bomar v. Keyes, 162 F.2d 136 (2d Cir. 1947), to support her argument that the school board's decision not to rehire her violated her civil right to serve as an election official. In *Bomar,* a school board discharged a probationary teacher during the school year because she was absent from her teaching for nearly one month in order to serve on a federal jury. In reversing a summary judgment of dismissal on jurisdictional grounds, Judge Learned Hand, writing for the court, construed the Civil Rights Act as encompassing deprivation of rights secured by the provisions of federal law which entitle women to serve on federal juries.

This court made the following observation, pertinent here, in Scheelhaase v. Woodbury Central Community School District, 488 F.2d 237 (8th Cir. 1973), cert. denied, 417 U.S. 969, 94 S.Ct. 3173, 41 L.Ed.2d 1140 (1974):

■ Finally, we are constrained to observe, in view of the multiplicity of "civil rights" actions now being brought into the Federal courts on non-racial, non-specific constitutional grounds, that

Not every civil right is a right derived or secured by the Constitution

or laws of the United States * *. Only those rights, privileges and immunities that are secured by the Constitution of the United States or some Act of Congress are within the protection of the federal courts. Rights, privileges and immunities not derived from the federal Constitution or secured thereby are left exclusively to the protection of the states. [1 Barron & Holtzoff, Federal Practice and Procedure, § 37.] [488 F.2d at 243 (asterisks and brackets in original.)]

The right allegedly infringed in this case, i. e., the right to serve as an official in a school board election, is neither a constitutional right nor a basic personal right secured under federal law. The privilege asserted by Evans of serving as an election official arises under state, not federal, law. Thus, the conclusion of the court in *Bomar* that it had jurisdiction under the Civil Rights Act to protect the right to serve on a federal jury does not govern the instant case. We do not view *Bomar* as precedent for extending the protections of the Civil Rights Act to the violations alleged in this case.

Finally, we consider Evans' contention that the school board violated her substantive due process rights. This contention is wholly without merit. Substantive due process rights generally do not apply to an untenured teacher, such as Evans, who has no right under state law to procedural due process, or was not afforded a hearing, prior to dismissal or nonrenewal of his or her employment contract. *See* Buhr v. Buffalo Public School District, 509 F.2d 1196, 1202–03 (8th Cir. 1974); *cf.* Scheelhaase v. Woodbury Central Community School District, *supra,* 488 F.2d at 242–44; Strickland v. Inlow, 485 F.2d 186, 190 (8th Cir. 1973), vacated on other grounds sub nom. Wood v. Strickland, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). Moreover, even assuming that substantive due process offers Evans protection under the circumstances of this case, the record fails to support her claims of its denial.

Because there was some factual basis for characterizing as insubordinate Evans' conduct and for the district court's finding that the school board acted in good faith in premising its decision on this conduct, the conclusion necessarily follows that the action of the board was not arbitrary or capricious.

We affirm.