HALL, Judge.
This appeal was taken by Jackie Martin and Freddie Shewmake, Jr., employees of the Bossier Parish School Board and elected members of the Bossier Parish Police Jury, from a judgment of the district court declaring (1) that the policy of the Bossier Parish School Board, which insures that its employees devote full measure of their time and talent to their contracted responsibilities during work hours, is a legitimate policy and is a valid exercise of its authority under the law; and (2) that the Bossier Parish School Board’s refusal to grant leaves of absence to the defendants, Jackie Martin and Freddie Shewmake, Jr., so that they might attend meetings of the Bossier Parish Police Jury during school hours, was not an abuse of discretion by the Bossier Parish School Board.
Appellants contended in the trial court and contend on appeal that the policy of the School Board of refusing to grant them leaves of absence without pay to attend meetings of the Police Jury amounts to an abuse of discretion by the School Board contrary to state law and infringes on their constitutional rights granted by the First and Fourteenth Amendments of the United States Constitution and by the Louisiana Constitution of 1974.
After review, this appellate court is of the opinion that the issues presented in this case were correctly met and decided by the district court, whose reasons for decision we approve and adopt as the opinion of this court. The district court’s reasons for judgment are set forth in Appendix “A”.
The judgment of the district court is affirmed at appellants’ costs.
Affirmed.
APPENDIX “A”
BOSSIER PARISH SCHOOL BOARD
VS.
WILLIAM J. GUSTE, JR., ET AL
NUMBER 46,408
26TH JUDICIAL DISTRICT COURT BOSSIER PARISH, LOUISIANA
REASONS FOR DECISION
The plaintiff, Bossier Parish School Board filed this suit for a declaratory judgment seeking a determination as to whether its policy in denying the two defendants, Freddie Shewmake, Jr. and Jackie Martin, leave without pay to attend Bossier Parish Police Jury meetings is an abuse of its discretion. *66 The case was submitted to the Court on an agreed stipulation of facts and on briefs of counsel.
The policy of the Bossier Parish School Board states that school employees will not be allowed to miss work for the purpose of attending police jury meetings, whether the time missed is minimal or substantial, and, further, that leave without pay will not be granted school employees to attend police jury meetings.
The defendants, Jackie Martin and Freddie Shewmake, Jr., are school board employees, and, also, duly elected members of the Bossier Parish Police Jury; defendant, Jackie Martin, being a school bus driver, and defendant, Freddie Shewmake, Jr., being an assistant school principal.
The Bossier Parish Police Jury meets regularly at 2:00 P.M. on the second Tuesday of each month, and has committee meetings regularly on the first Tuesday and Thursday of each month at 2:00 P.M.
The 2:00 P.M. meeting time of the Bossier Parish Police Jury conflicts with the work schedule of both Jackie Martin, who, employed as a school bus driver, must attend his routes at this time, and Freddie Shewmake, Jr., whose worktime as an assistant principal is from 8:00 A.M. to 4:00 P.M.
The school Board policy in connection with leave without pay is, in part, as follows:
“The Bossier Parish School Board may grant leaves of absence without pay for periods not exceeding one year to any regularly employed tenured teacher who requests such leave in writing and whenever such leave is in the best interest of the school system.”
The Attorney General of Louisiana has issued an opinion which states that the current policy of the Bossier Parish School Board, as it affects the defendants is an abuse of discretion of the board.
If the defendants attend the meetings of the Bossier Parish Police Jury, they will be in direct conflict with the policy of the Bossier Parish School Board, and the interest of all parties is at issue and is substantial.
The Bossier Parish School Board Employee’s Handbook provides with respect to political office:
“J. Political Office
The Bossier Parish School Board feels that its employees should devote their full energies, efforts, and abilities to carrying on and improving education in the Bossier Parish School System. The public expects, and rightfully so, the employees of the Bossier Parish School Board to devote their full energies, efforts and abilities to their children’s educational needs. A position in Public Office would take the elected employee away from their primary educational responsibility a considerable amount of the time. The Bossier Parish School Board cannot justify the time that an elected official must take away from his primary duties to fulfill his elected responsibility. The Bossier Parish School Board strongly discourages its employees from seeking public office that will in any way impede or interfere with their primary duty of contributing to the education of the children in Bossier Parish.”
It also provides with respect to school employees work schedule as follows:
“C. Work Schedule for school employees
1. Professional (EHB p. 36)
a. Teachers (EHB p. 36)
b. Administrators’ Duty Hours
(1) Principals — 12 months; 8:00 A.M.-
4:00 P.M.
(2) Assistant Principals — 10% months; 8:00 A.M.-4.-00 P.M.
(3) School Coordinators — 10% months; 8:00 A.M.-4:00 P.M.
(4) Other Staff — As prescribed by the Superintendent.
2. Classified (EHB p. 36)
a. Custodians and Janitors — 12 months; 40 hours per week as prescribed by the Principal
b. Maids — 9 months; 32V2 hours per week; June and August; 40 hours per week with a 4 week vacation in July
*67 c. Bus Drivers — Regular school year with daily schedules prescribed by the Principal. Educational field trips assigned by the Principal are considered to be a part of the driver’s normal duty.
d. School Secretaries — 10 months (Registrars, 11 months) Work day consists of 7 hours prescribed by the Principal. _”
There were twelve regular meetings, twelve finance committee meetings, twelve road committee meetings and eleven special committee meetings held by the Bossier Parish Police Jury during the hours from 8:00 A.M. to 4:00 P.M. during 1976. The Bossier Parish Police Jury has held and will hold thirty-six meetings, twelve regular meetings and twenty-four committee meetings, during 1977, which requires the attendance of all twelve members during the hours from 8:00 A.M. to 4:00 P.M. and other special committee meetings might be held as called during these hours.
The Bossier Parish School Board recently, as examples, did grant leaves of absence, some with pay, some without pay, and some to be charged against vacation time, as follows:
“(a) Dr. C. L. Sanders, Bossier Parish School Board Personnel Director, has been granted one-half day leave during each of the twenty working days from thé period beginning March 7, 1977, through April 1, 1977, with time off to be charged against annual leave; this period coincides with his candidacy for political office.
(b) Don Truly, a school principal, was granted a one semester leave without pay for a political campaign.
(c) Mamie Pilkington, a school bus driver, who serves as President of the Louisiana Bus Driver’s Association, has been granted leave with pay to attend a portion of the last two sessions of the Louisiana Legislature.”
The defendants argue that a school board does not have the authority to determine whether an employee of that board can hold elective office. In addition, they allege that such action by the board in this case would be discriminatory in nature because other leaves had been granted to other employees, and that the announced policy of the school board is invalid in that it violates the equal protection clause of the United States Constitution and also violates the First Amendment of the United States Constitution.
The plaintiff argues that both defendants were under contract to the Bossier Parish School Board at the time of their election to the Bossier Parish Police Jury. They were obligated to perform their duties. Their duties as school board employees have come into conflict with the duties of the offices to which they have been elected. The plaintiff takes the position that since the defendants’ contracts with the school board were in force and effect at the time of and before their elections, and they both knew the terms of their contracts, they should not now be allowed to change the terms of the contracts by a ruling from the Court.
The general powers of parish school boards are set forth in Louisiana Revised Statutes, Title 17, Section 81. It provides, in part, as follows:
“Each school board is authorized to make such rules and regulations for its own government, not inconsistent with law or with the regulations of the State Board of Elementary and Secondary Education, as it may deem proper.”
With respect to the granting of leaves, Louisiana Revised Statutes, Title 17, Section 1186, provides:
“The parish and city school boards throughout the state may grant leaves of absence, without pay, for periods not exceeding one year, to any regularly employed teacher or other employee, who requests such leave in writing, whenever in the discretion of the board such leave is in the best interest of the school system
[[Image here]]
Considering the above quoted statutes, it is clear that the Bossier Parish *68 School Board has the authority to adopt its own rules so long as they are not inconsistent with law, and that it has the authority to grant leaves whenever such leaves are in the best interest of the school system.
The Court is unable to conclude that the policy of the Bossier Parish School Board in denying these two defendants leaves of absence is inconsistent with Louisiana law. Nor does the Court have the opinion that the effect of the policy operates to deprive the defendant of any constitutional rights. As the United States Court of Appeal, Eighth Circuit, stated in the 1975 case of Evans v. Page, 516 F.2d 18, in quoting cases cited in its opinion, not every civil right is a right derived or secured by the Constitution.
In the opinion of the Court, the defendants, who were under contract with the Bossier Parish School Board at the time of their elections have no constitutional rights to demand that they be granted leaves without pay. The fact that other leaves have been granted other individuals for other reasons does not make it an abuse of discretion for the board to refuse to grant these leaves.
As Judge Tom Stagg of the United States District Court for the Western District of Louisiana, stated in Civil Action No. 76-0640 on August 20, 1976, in a suit by Freddie Shewmake, Jr., against the Bossier Parish Police Jury:
“Holding public office is a privilege bestowed upon few. However, along with the honor one attains in being chosen to represent his peers, come many responsibilities and duties. These obligations often create hardships, for the requirements of office often conflict with one’s other responsibilities in our society. It is not for this Court to ease burdens that might arise when one embarks upon the public calling. This Court cannot commiserate with the plaintiff. A decision was made to run for the Police Jury — a step creating potential conflict with current responsibilities _ -
Without in any manner deprecating the efforts of these defendants, both of whom have demonstrated their worthiness by being elected by the people of their respective districts and are unquestionably in complete good faith, they nevertheless have yet the option of fulfilling their employment contracts with the school board or of representing their constituents as police jurors. In view of the announced policy of the school board, they simply cannot do both.
In the opinion of the Court, the policy of the Bossier Parish School Board which insures that its employees devote full measure of their time and talent to their contracted responsibilities during working hours is a legitimate policy and is a valid exercise of its authority under the law. It is the further opinion of the Co'urt that in refusing to grant these defendants leaves of absence so they might attend meetings of the Bossier Parish Police Jury during school hours, the Bossier Parish School Board has not abused its discretion.
Accordingly, there should be judgment for the plaintiff as prayed for.
Benton, Louisiana, June 2, 1977.
s/ Montv M. Wvche MONTY M. WYCHE JUDGE