**Stanley A. STRATFORD and Elizabeth C. Blackburn, Plaintiffs,**

v.

**STATE–HOUSE, INC., Joseph A. Newberg, City of Frankfort, Frankfort-Franklin County Planning Commission, Kentucky Alcoholic Beverage Control Board, and Kentucky Department of Alcoholic Beverage Control, Defendants.**

**Civ. A. No. 80–28.**

United States District Court,
E. D. Kentucky,
Frankfort Division.

Aug. 6, 1982.

Stanley A. Stratford, pro se.

William A. Young, Frankfort, Ky., for State-House, Inc. and Jos. Newberg.

Allen Prewitt, Jr., Frankfort, Ky., for City of Frankfort and Frankfort-Franklin Co. Planning Comm.

Dandridge F. Walton, Frankfort, Ky., for Alcoholic Beverage Control Bd. and Dept. of Alcoholic Beverage Control.

## OPINION and ORDER

BERTELSMAN, District Judge.

### I.

#### Introduction

This case presents once again the thorny problem of the scope of federal court review over local zoning ordinances and their administration by zoning agencies operating under state statutes and local ordinances.

This matter is before the court on the motion of the defendants to dismiss the complaint, which the court has permitted to be supplemented by extraneous materials, including stipulations reached at oral argument. F.R.Civ.P. 12(b).

### II.

#### Facts

Since 1978, plaintiffs Stanley A. Stratford and Elizabeth C. Blackburn have been the owners of real estate located on Ridgeview Drive in Frankfort, Kentucky. Mr. Stratford resides on the property on which residential townhouses are constructed. Across Ridgeview Drive is a 21-acre tract of land that has been zoned B–6, Planned Shopping Center, since 1974, prior to the time Mr. Stratford acquired his real estate.

This controversy arises out of the approval by the Frankfort-Franklin County Planning Commission of the construction of a tavern across the street from plaintiffs' property, and the issuance of a building permit pursuant to that approval on June 25, 1979.

Plaintiffs seasonably objected at the public hearings held before the Planning Commission to the approval of the plan and the issuance of the building permit for the tavern. Plaintiffs concede that a tavern is a permitted use in a B–6 zone. Their objections were that there had been no general site plan for the 21-acre tract approved as required by the zoning ordinance, but only a plan for development of that portion of the tract on which the tavern was located, and that access to the part of the tract to be used for the tavern was not on a "collector street" but via two residential streets, contrary to the ordinance.

Plaintiffs timely filed an appeal, pursuant to Kentucky law,[1] in the Franklin Circuit Court, the state court of general jurisdiction. On February 27, 1980, the Franklin Circuit Court entered a judgment finding that plaintiffs' objections were well taken and that the issuance of the building permit was void because not in compliance with the zoning ordinance. It ordered the owners of the tavern to cease all use of the land for tavern purposes until a new route of access had been established and "a development plan for the entire Shopping Center Tract had been approved as meeting the requirements of the Zoning Regulations, Subdivision Regulations and Comprehensive Plan adopted by the City of Frankfort."

The operator of the tavern appealed from this ruling on March 20, 1980. The Planning Commission also appealed. Meanwhile, the City issued a certificate of occupancy for the tavern and the owners continued to operate it despite the order of the Franklin Circuit Court. On May 14, 1980, the Franklin Circuit Court held the owner of the tavern in contempt. The Kentucky Supreme Court set aside the contempt order and stayed the judgment of the Franklin Circuit Court on June 16, 1980. On August 21, 1980, this 42 U.S.C. § 1983 action was filed in this court.[2]

On April 24, 1981, the Kentucky Court of Appeals reversed the judgment of the Franklin Circuit Court stating that there were issues of material fact which rendered summary judgment improper. The Court of Appeals remanded the matter to the Circuit Court with directions for it to determine whether or not the zoning ordinance could be interpreted to permit the 21-acre tract to be planned and developed piece-meal and whether the approval of a partial site plan was an abuse of discretion on the part of the Planning Commission.

On July 8, 1981, the Franklin Circuit Court found that piecemeal development was permissible under the zoning ordinance, but that piecemeal site planning was not, and that before there could be proper development of the 21-acre site, the zoning ordinance required that an overall site plan be filed, rather than permitting the filing of partial plans as the development of each portion of the site took place. The court further found that the action of the Planning Commission had been arbitrary and unreasonable in issuing the permit.

Instead of reinstating the injunction, however, the court remanded the matter to the Frankfort-Franklin County Planning Commission "with directions to notify all interested or affected parties of a time and place for hearing at which said Commission shall undertake to hold an evidentiary hearing and make determination of all issues respecting a proper and lawful development of the Ridgeview Estates neighborhood shopping center, in accordance with all appropriate and applicable provisions of the Zoning Ordinances of the City of Frankfort."

The matter is still pending before the Planning Commission. In this federal action, plaintiffs contend that these proceedings have deprived them of their rights under the Constitution of the United States in that the tavern has been permitted to operate although its existence is contrary to the local zoning ordinance. Plaintiffs' contentions will be discussed in greater detail in subsequent portions of this opinion.

1. KRS 100.347.

2. This statute reads:
"§ 1983. Civil action for deprivation of rights.
"Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."
28 U.S.C. § 1343(3) is the jurisdictional counterpart of § 1983.

## III.

### Matters Not In Issue

Plaintiffs make no attack on the validity or constitutionality of the zoning ordinance *per se*, but only challenge the particular applications described above. Also, plaintiffs make no complaint of any deprivation of procedural due process. They acknowledge that they have received notice of all hearings and that all hearings have been conducted in the manner prescribed by statute. They make no complaint of the procedures used in the state court proceedings, but only of the end result.

Plaintiffs originally alleged a conspiracy under 42 U.S.C. § 1985, but now admit that this cause of action is without merit because there is no suggestion that they are being discriminated against as members of a class.[3] For the same reason, the court finds no equal protection issue in this case.[4]

■ One defendant raises the defense of *res judicata*, but it is not clear to this court whether the state court judgment is a final judgment or whether it contemplates redocketing in the state circuit court after further action by the Planning Commission. Therefore, the court does not reach this defense.

## IV.

### Taking Without Just Compensation

Plaintiffs do contend that, inasmuch as the value of their real estate has been depreciated by the operation of the tavern due to the noise and traffic involved, their property has been taken without just com-

pensation in contravention of the Fourteenth Amendment to the Constitution of the United States.[5]

■ This argument need not detain us. Even where the zoning ordinance directly affects the use of one's own property, it may not be attacked on this ground unless the zoning ordinance deprives the owner of "economically viable use of his property."[6]

■ Neither deprivation of the most beneficial use of the land nor a severe decrease in its value measures up to an unlawful taking.[7] This has been the law since the Supreme Court of the United States first passed on the validity of zoning ordinances in *Village of Euclid v. Ambler Realty Co.*[8]

■ Inasmuch as the operation of the tavern of which plaintiffs complain does not substantially deprive them of the right to use their property for townhouses, even though it may involve some incidental annoyance, aggravation and diminution of the value of their property, it may be seen that this "taking" argument is without merit.

## V.

### Substantive Due Process and State Legislative Action

Plaintiff's primary contention is based on the doctrine of substantive due process. The crux of their argument is that the local agencies are "not following the law" by permitting the tavern to exist in violation of the text of the zoning ordinance, and thus depriving plaintiffs of a valuable property right—the right to private enjoyment of their homes—without due process of law

**3.** *Ohio Inns v. Nye*, 542 F.2d 673, 679 (6th Cir. 1976).

**4.** *Id.*

**5.** U.S.Const.Amend. XIV, reads in part:
"[N]or shall any state deprive any person of life, liberty, or property without due process of law."
It has been held that the Fourteenth Amendment precludes a state's taking private property for public use without compensation. *Rodgers v. Tolson*, 582 F.2d 315 (4th Cir. 1978).

**6.** *Schad v. Borough of Mt. Ephraim*, 452 U.S. 61, 68, 101 S.Ct. 2176, 2182, 68 L.Ed.2d 671

(1981); *See also Agins v. City of Tiburon*, 447 U.S. 255, 260, 100 S.Ct. 2138, 2141, 65 L.Ed.2d 106 (1980); *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979); *Southpark Square Limited v. City of Jackson*, 565 F.2d 338, 342, n.6 (5th Cir. 1977).

**7.** *Nasser v. City of Homewood*, 671 F.2d 432, 438 (11th Cir. 1982).

**8.** 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926).

in the substantive rather than the procedural sense. They emphasize that the state court characterized the issuance of the permit as arbitrary and capricious but did nothing about it.

In evaluating this argument, it will be useful to consider the application of the doctrine of substantive due process to federal judicial review of state legislative and administrative action in general and zoning in particular.

Despite the wide and somewhat loose usage of the term "substantive due process" by litigants, it may be given a succinct and precise definition.

"The doctrine that governmental deprivations of life, liberty or property are subject to limitations regardless of the adequacy of the procedures employed has come to be known as substantive due process." [9]

■ At one time substantive due process was widely employed to invalidate state economic regulations. In the New Deal era, the doctrine fell into disrepute, but has recently enjoyed a limited resurgence in cases involving fundamental personal rights.[10] Most substantive due process cases involve a claim that some state statute or local ordinance interferes with a fundamental federal constitutional right.[11] Where no fundamental right is involved, however, all that substantive due process requires is that the statute or ordinance be rationally related to some legitimate state objective.[12]

## VI.

### Substantive Due Process and State Administrative Action

At times, a substantive due process argument is also made where some litigant is dissatisfied with the result of state administrative action, although he does not claim to have been deprived of notice and hearing and makes no attack on the administrative procedures. For example, an untenured teacher might argue that, even though she has no express tenure, and no reasonable expectation of continued employment,[13] she has an independent liberty interest in not being subjected to arbitrary action, which entitles her to have the administrative decision not to renew her contract reviewed by the federal court.[14]

■ By the majority and better view such an approach is without constitutional justification. By this preferred view, a person may not assert a substantive due process right to review a state administrative action, unless he possessed a property right created by state law or a liberty interest such as would entitle him to procedural due process.

As pointed out by the United States Court of Appeals for the Seventh Circuit in a non-tenured teacher firing case:

**9.** Comment, *Developments in the Law—The Constitution and the Family*, 93 Harvard L.Rev. 1156, 1166 (1980); *Petrey v. Flaugher*, 505 F.Supp. 1087 (E.D.Ky.1981).

**10.** This history is discussed in *Petrey v. Flaugher, supra*, and the authorities there cited, and space does not permit it to be reiterated here. *See also* L. Tribe, *American Constitutional Law* Ch. 8 (1978).

**11.** *See e.g. Moore v. City of East Cleveland, Ohio*, 431 U.S. 494, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) (zoning ordinance interferes with right to live together as a family); *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965) (statute prohibiting sale and use of contraceptives interferes with marital privacy); *Pierce v. Society of Sisters*, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925) (regulation requiring all children to attend public school rather than parochial school interferes with right to educate one's own children).

**12.** *Schad v. Mt. Ephraim*, 452 U.S. 61, 101 S.Ct. 2176, 68 L.Ed.2d 671 (1981); *Williamson v. Lee Optical Co.*, 348 U.S. 483, 488, 75 S.Ct. 461, 464, 99 L.Ed. 563 (1955). *Cf. Ferguson v. Skrupa*, 372 U.S. 726, 83 S.Ct. 1028, 10 L.Ed.2d 93 (1963).

**13.** *See Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).

**14.** *See Drown v. Portsmouth School District*, 451 F.2d 1106, 1109 (1st Cir. 1971); *Thompson v. Gallagher*, 489 F.2d 443, 446–47 (5th Cir. 1974); *Beatham v. Manson*, 369 F.Supp. 783 (D.Conn.1973).

"At one point in her brief, plaintiff seems to argue that, entirely apart from her position as a teacher, as a citizen she has a 'substantive right to be free from arbitrary and capricious governmental action.' She does not identify the source of any such right, but necessarily must be contending that it is an interest in 'liberty' protected by the Fourteenth Amendment. Of course, if it were, she would be entitled to procedural due process. In practical terms, if her argument were valid, every time a citizen was affected by governmental action, he would have a federal right to judicial review. In view of contemporary reluctance to embrace the concept of substantive due process, it would be anomalous indeed to conclude that the same element—'freedom from arbitrariness'—should at once entitle a person to due process and also be a part of the process which is due." [15]

■ This view, which this court holds is the proper one,[16] recognizes that the text of the Fourteenth Amendment does not provide that every governmental action requires due process but only those actions which deprive the citizen of life, liberty or property. Although the term "property" has been interpreted somewhat broadly,[17] it is not all-inclusive.

■ The exact content of the term "liberty" has not yet been determined, but it includes certain fundamental unenumerated rights. But "liberty" does not include a right to be free from arbitrary action. Some actions, although perhaps arbitrary, may not abridge protected liberty or property interests, either because the interest affected is too trivial, is not recognized as "property" under state law, or for some other reason.[18] Principles of federalism and comity require this result. If a more expansive view were followed, the United States District Court would become a super-administrative appeals board with jurisdiction over every action of state and local government.

■ Where the right to launch a substantive due process attack on state administrative action does exist, the scope of review of the federal court is extremely narrow. To prevail, a plaintiff must show that the state administrative agency has been guilty of "arbitrary and capricious action," in the *strict sense* "that there is no rational basis for" the administrative decision.[19]

■ The use of the terms "arbitrary and capricious" in this context causes considerable confusion, because these same terms are also used to describe the scope of review by *state* courts of state administrative action.[20] Therefore, it must be emphasized that the state court scope of review of a decision of a state administrative agency is far broader

---

**15.** *Jeffries v. Turkey Run Consolidated School Dist.*, 492 F.2d 1, 4 n.8 (7th Cir. 1974); *Accord: Sullivan v. Brown*, 544 F.2d 279 (6th Cir. 1976); *Clark v. Whiting*, 607 F.2d 634, 641 n.17 (4th Cir. 1976); *Weathers v. West Yuma County School Dist. R–J–I*, 530 F.2d 1335, 1340–1341 (10th Cir. 1976); *Evans v. Page*, 516 F.2d 18, 21 (8th Cir. 1975); *Buhr v. Buffalo Public School Dist. No. 38*, 509 F.2d 1196, 1200 ff. (8th Cir. 1974); *McKnight v. Southeastern Pennsylvania Transp. Auth.*, 438 F.Supp. 813 (E.D.Pa.1977).

**16.** The Sixth Circuit seems to have adopted this approach. *See Stevens v. Hunt*, 646 F.2d 1168, 1170 (6th Cir. 1981); *Sullivan v. Brown*, 544 F.2d 279 (6th Cir. 1976). *But cf., Ohio Inns v. Nye*, 542 F.2d 673, 675, 680 (6th Cir. 1976), where it is said: "Today the due process clause guarantees only the right to notice and to be heard before the state deprives a person of his property."

**17.** *See Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Perry v.*

*Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Goldberg v. Kelley*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) (welfare benefits); *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971) (driver's license).

**18.** *See Newsom v. Vanderbilt Univ.*, 653 F.2d 1100 (6th Cir. 1981) (no property interest to participate in certain free health programs); *Rodic v. Thistledown Racing Club*, 615 F.2d 736 (6th Cir. 1980) (no property or liberty interest to attend racetrack); *Sullivan v. Brown*, 544 F.2d 279 (6th Cir. 1976) (transfer of tenured teacher without loss of pay).

**19.** *Stevens v. Hunt*, 646 F.2d at 1168, 1170 (6th Cir. 1981).

**20.** *Cf. Couf v. DeBlaker*, 652 F.2d 585, 589 (5th Cir. 1981).

than the federal scope of review under substantive due process. In Kentucky, for example, a state court may set aside state administrative action as being "arbitrary and capricious" on the grounds, among others, that it is not supported by substantial evidence.[21]

No such ground may be used by the federal court in reviewing state administrative action in connection with a federal substantive due process attack, however. In the federal court the standard is a narrow one, to be applied only where administrative action "is not supportable on any rational basis" or where it is "willful and unreasoning action, without consideration and in disregard of the facts or circumstances of the case."[22] The federal court may make only the most limited review of the evidence before the state administrative agency. This review is limited to determining whether the agency has paid attention to the evidence adduced and acted rationally upon it.[23] The state decision may not be set aside as arbitrary and capricious if there is "some factual basis" for the administrative action.[24]

Therefore, it would be extremely rare for a federal court properly to vitiate the action of a state administrative agency as a violation of substantive due process. The vast majority of such attacks may readily be disposed of on summary judgment, thus keeping interference by federal courts with state government to a salutary minimum. Review of state administrative action is primarily a matter for the state courts, which quite properly have a much broader scope of review under state law.

## VII.

### Substantive Due Process and Zoning

Zoning of course involves both legislative and administrative action. Where zoning legislation is subjected to substantive due process attack, the scope of review by the federal court is the same as for any other legislation. This fact may be discerned from a recent statement by the Supreme Court of the United States:

"The power of local governments to zone and control land use is undoubtedly broad and its proper exercise is an essential aspect of achieving a satisfactory quality of life in both urban and rural communities. But the zoning power is not infinite and unchallengeable; it 'must be exercised within constitutional limits.' ... Accordingly, it is subject to judicial review; and as is most often the case, the standard of review is determined by the nature of the right assertedly threatened or violated rather than by the power being exercised or the specific limitation imposed.

"Where *property interests* are adversely affected by zoning, the courts generally have emphasized the breadth of municipal power to control land use and have sustained the regulation *if it is rationally related to legitimate state* concerns and does not deprive the owner of economically viable use of his property ...

"Beyond that, *as is true of other ordinances,* when a zoning law infringes upon a protected liberty, it must be narrowly drawn and must further a sufficiently substantial government interest."[25]

As stated above, Fourteenth Amendment substantive due process requires that both state legislative and ad-

---

**21.** *American Beauty Homes Corp. v. Louisville & Jefferson County Planning & Zoning Comm'n.*, 379 S.W.2d 450 (Ky.1964).

**22.** *Greenhill v. Bailey,* 519 F.2d 5, 10 n.12 (8th Cir. 1975). *Greenhill* was cited with approval by the Sixth Circuit in *Stevens v. Hunt,* 646 F.2d 1168 (6th Cir. 1981).

**23.** *Buhr v. Buffalo Public School Dist. No. 38,* 509 F.2d 1196 (8th Cir. 1974).

**24.** *Evans v. Page,* 516 F.2d 18, 21 (8th Cir. 1975).

**25.** *Schad v. Mt. Ephraim,* 452 U.S. 61, 68, 101 S.Ct. 2176, 2182, 68 L.Ed.2d 671 (1981) (emphasis added) (citations omitted); *Accord: Higginbotham v. Barrett,* 473 F.2d 745, 747 (5th Cir. 1973).

ministrative actions that deprive the citizen of "life, liberty or property" must have some rational basis.[26] Federal court review of the two types of action differ in that in reviewing administrative action the federal court must make an extremely limited review of the evidence as described above, but in reviewing legislative acts, even that is not permitted, the only permissible inquiry—absent equal protection, First Amendment or other such considerations—being whether the legislative action is rationally related to the general welfare.

Therefore, a zoning ordinance that affects only property interests merely has to bear such rational relationship.[27] Whatever the state standard for review of its zoning laws by its own courts may be, federal court review of a zoning ordinance may only determine whether it is clearly arbitrary and unreasonable, in the very restricted sense that it has "no substantial relation to the public health, safety, morals or general welfare." [28]

This standard applies whether review is sought of a comprehensive zoning ordinance or of zoning legislative action concerning individual parcels of property.[29] The fact that the exercise of some discretion is involved in zoning particular pieces of property does not alter this strict standard of review.[30] The political motives of the legislators invalidate zoning legislation no more than they would other legislation.[31] Where a zoning ordinance is concerned, the facts or "evidence" before the zoning authority are to be examined as would other legislative facts—solely to determine whether the action complained of is arbitrary in the sense that it is not rationally related to the general welfare.[32]

Some courts make a distinction between legislative and administrative actions in zoning based on whether a zoning action "executes or administers a zoning ordinance rather than brings it into existence." [33] Zoning administrative action is subject to no more liberal scope of review by the federal court than other state administrative action. Because planning commissions and city councils perform both legislative and administrative functions at different times and because an act may be legislative, although so particularized that it directly af-

**26.** *See* Parts V & VI, *supra.*

**27.** *Village of Bell Terre v. Boraas*, 416 U.S. 1, 7–8, 94 S.Ct. 1536, 1540, 39 L.Ed.2d 797 (1974); *see South Gwinnett Venture v. Pruitt*, 491 F.2d 5 (5th Cir. 1974) (*en banc*); *Higginbotham v. Barrett*, 473 F.2d 745 (5th Cir. 1973); *City of Ann Arbor, Mich. v. Northwest Park Construction Corp.*, 280 F.2d 212 (6th Cir. 1960).

**28.** *City of Eastlake v. Forest City Enterprises, Inc.*, 426 U.S. 668, 96 S.Ct. 2358, 49 L.Ed.2d 132 (1976); *Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926); *Steel Hill Development, Inc. v. Town of Sanbornton*, 469 F.2d 956 (1st Cir. 1972); *Rogin v. Bensalem Township*, 616 F.2d 680, 689 (3d Cir. 1980); *Studen v. Beebe*, 588 F.2d 560 (6th Cir. 1978); *Couf v. DeBlaker*, 652 F.2d 585 (5th Cir. 1981); *Burns v. City of des Peres*, 534 F.2d 103 (8th Cir. 1976). Cases in notes 25 and 27, *supra.*

**29.** *See Studen v. Beebe*, 588 F.2d 560 (6th Cir. 1978); *Couf v. DeBlaker*, 652 F.2d 585 (5th Cir. 1981); *South Gwinnett Venture v. Pruitt*, 491 F.2d 5 (5th Cir. 1974) (*en banc*) cert. den. 416 U.S. 901, 94 S.Ct. 1625, 40 L.Ed.2d 119 (1974). *Cf. Williams v. Patton*, 410 F.Supp. 1 (E.D.Pa. 1976).

**30.** *Crocker v. Hakes*, 616 F.2d 237, 240 (5th Cir. 1980); *Williams v. Patton*, 410 F.Supp. 1 (E.D. Pa.1976).

**31.** *Studen v. Beebe*, 588 F.2d 560 (6th Cir. 1978); *City of Ann Arbor, Mich. v. Northwest Park Construction Corp.*, 280 F.2d 212 (6th Cir. 1960).

**32.** *Nasser v. City of Homewood*, 671 F.2d 432, 441 (11th Cir. 1982); *South Gwinnett Venture v. Pruitt*, 491 F.2d 5 (5th Cir. 1974) (*en banc*), cert. den. 416 U.S. 901, 94 S.Ct. 1625, 40 L.Ed.2d 119 (1974).

**33.** *Forest City Enterprises, Inc. v. City of Eastlake*, 41 Ohio St.2d 187, 324 N.E.2d 740 (1975) reversed on other grounds *sub nom. City of Eastlake v. Forest City Enterprises, Inc.*, 426 U.S. 668, 96 S.Ct. 2358, 49 L.Ed.2d 132 (1976). *See also Rogin v. Bensalem Township*, 616 F.2d 680 (3d Cir. 1980) (making distinction on basis of the action affecting property generally or an individual parcel). *Cf. South Gwinnett Venture v. Pruitt*, 491 F.2d 5 (5th Cir. 1974) cert. den. 416 U.S. 901, 94 S.Ct. 1625, 40 L.Ed.2d 119 (1974). *But see Sixth Camden Corp. v. Evasham Township*, 420 F.Supp. 709 (D.N.J.1976).

fects only one parcel of land,[34] the distinction is a somewhat formal one, and is often difficult to draw.[35] For example, in the case at bar the planning commission was apparently acting administratively in fleshing out the details of the planning of the 21-acre tract, zoned B–6 by the zoning ordinance, of which the tavern occupied one portion, although an argument could be made that it was acting legislatively by filling in gaps in the zoning ordinance. However, this court need not decide whether such activity was legislative or administrative since it withstands substantive due process scrutiny under either test.

## VIII.

### *Conclusion*

From the above discussion the following principles may be distilled:

1. At one time courts would set aside economic legislation or administrative action on the ground that they disapproved of its wisdom. Usually this was justified by a reference to the need for state action to be authorized by the "police power." Such practices may be characterized as an exercise of "substantive due process."

2. In recent years, however, the courts have eschewed any such authority and now hold that all that substantive due process requires is that any legislation or administrative action which deprives a citizen of life, liberty or property, but does not affect a fundamental right, or involve discrimination against a discrete protected class, must bear a rational relationship to a legitimate state concern. If a fundamental right is restricted or a protected class involved, a more searching inquiry is pursued.

3. With regard to state legislation in non-fundamental right, non-discrimination cases, no review of the factual data before the legislative body is permitted, other than that which is necessary to determine that the end product has a rational relationship to the public health, safety and welfare.

4. With regard to state administrative action, in non-fundamental right cases, substantive due process requires an extremely limited review of the evidence by the federal court confined strictly to determining whether the administrative action has some rational factual basis.

5. In the application of the principles of substantive due process, actions which bring the zoning ordinance into existence are legislative matters and those which execute or administer the zoning ordinance are administrative.

■ Applying these principles to the instant case, it may be seen that the plaintiffs' claim of a constitutional violation is without merit. Although a landowner has no property right in the existing use of his neighbor's land,[36] Kentucky does recognize a right of a citizen to seek injunctive relief to require enforcement of existing zoning ordinances.[37]

■ Although plaintiffs can, therefore, claim a kind of property interest, their action must still fail. In effect the Planning Commission here has granted the tavern owner a certain amount of leeway in complying with some of the provisions of the zoning ordinance. Perhaps this should not have been done or was done by the wrong agency under state law. If this is true, plaintiffs must look to the state courts to remedy the situation.[38] But it cannot be said that the exercise of administrative discretion to grant such leeway has no rational

---

**34.** *See* authorities in footnote 33.

**35.** The authorities in note 33 are not entirely consistent in their approach to the legislative-administrative distinction.

**36.** *Ellentuck v. Klein*, 570 F.2d 414 (2d Cir. 1978).

**37.** *Polk v. Axton*, 306 Ky. 498, 208 S.W.2d 497 (1948).

**38.** *Ellentuck v. Klein, supra.*

relationship to the goals of zoning or the public welfare. Practically all zoning codes contain provisions for variances, which afford the same kind of flexibility to the strict requirements of zoning ordinances. When the evidence before the Planning Commission is considered to the very limited extent allowed to this court, assuming without deciding that the commission action was administrative, it is seen that there was a showing of hardship on the part of the tavern owner and so some rational basis in fact for the action taken. Therefore, it was not arbitrary and capricious under the doctrine of substantive due process.[39]

■ The state court's statement that the permit was granted and continued in effect in a manner that was arbitrary and capricious is not determinative of the issue in this court. The term "arbitrary and capricious" as used in state law has a much broader meaning than when used in the context of federal court review under the substantive due process doctrine.[40]

Therefore, the defendants' motion to dismiss, which is being treated as a motion for summary judgment, must be granted and the complaint dismissed.

JUDGMENT ACCORDINGLY.

---

**39.** For the above-mentioned reasons, plaintiff's claims against the Kentucky Alcohol Beverage Control Board and the Kentucky Department of Alcohol Beverage Control must fail. There could be no finding that there is no rational basis for the decision reached by them. Further, the Board did not deny plaintiff procedural due process in that his protest of December 22, 1980, was untimely. In any event, the Board has no authority to take zoning matters into consideration. *Fisher v. Kentucky Alcoholic Beverage Control Board*, 459 S.W.2d 80 (Ky.1970).

**40.** *See Ellentuck v. Klein, supra; Studen v. Beebe*, 588 F.2d 560 (6th Cir. 1978); discussion in Part VI, *supra.*